Smith *v.* Crouse.

———◇———

24  433
60h 565

## Smith *vs.* Crouse

Where a party, on appealing to the county court from the judgment of a justice of the peace, for the purpose of staying execution of the judgment, executes an undertaking, with sureties, conditioned that "if judgment shall be rendered" against the appellant, and execution thereon be returned unsatisfied in whole or in part, the obligors will pay the amount unsatisfied, and the county court reverses the judgment of the justice, and on appeal to the supreme court, that court, at general term, reverses the judgment of the

county court and affirms that of the justice, with costs, the sureties are liable, not merely for the amount of the judgment in the county court, but for the amount recovered in the supreme court.

H. A. NELSON, for the plaintiff.

J. V. W. Doty, for the defendant.

By the Court, BIRDSEYE, J. This case is a controversy submitted without action, pursuant to sections 372–4 of the code of procedure. The facts out of which the question of difference arises, are the following.

The present plaintiff brought an action in a justice's court, against one Morris S. Traver, and recovered judgment against him for $25 damages, together with costs of the suit. From such judgment Traver appealed to the county court of Dutchess county. In order to stay the issuing of execution on the judgment, Traver and the present defendant, Crouse, united in an undertaking, which, after reciting the judgment and appeal, proceeds as follows: "Now therefore, for the purpose of staying the execution of the said judgment, we, Morris S. Traver and Tilley Crouse, as sureties, undertake, jointly and severally, that if judgment be rendered against the said Morris S. Traver, appellant, and execution thereon be returned unsatisfied in whole or in part, we will pay the amount unsatisfied." This undertaking was duly presented to the justice, at the time of the appeal, and was duly approved by him.

The said action, between said Smith and Traver, was argued in the county court, and the judgment of the justice's court reversed with costs. Smith thereupon duly appealed from the judgment of the county court, to the general term of the supreme court, which court reversed the judgment of the county court, and affirmed the judgment of the justice's court, and thereupon judgment was duly entered, in accordance with the decision of the general term, and for $107.91, interest, costs and disbursements, besides said $25, the original judgment; and an execution upon said judgment was duly issued against

the property of said Traver, and duly returned by the sheriff wholly unsatisfied; and the whole amount of said judgment still remains due and unsatisfied. The plaintiff in this action claims that Crouse, the defendant herein, is liable on his bond for the amount of such judgment, damages and costs. The defendant insists, first, that he is not liable at all; and second, that, if liable at all, he is liable only for the judgment and costs of the county court.

By the giving of the undertaking in question, the present defendant assisted in staying the execution of the original judgment of Smith *vs.* Traver. But for that act of Crouse, execution on that judgment would have been issued. As insolvency is not to be presumed, but rather the contrary, we must conclude that if this undertaking had not been given by Crouse, the judgment against Traver would then have been collected. Crouse has therefore no claim, in morals, to be released from liability on his undertaking, and should be held to make good at least the loss caused by the stay of execution, if his contract purports to create a liability therefor. Upon this point there can be no doubt. Judgment has been rendered against Traver, and execution thereon has been returned wholly unsatisfied. It was upon the happening of precisely these events, that Crouse undertook to pay the amount unsatisfied. Why should he not, then, fulfill his promise?

It is said that the judgment intended to be secured by the appeal was that of the county court of Dutchess county; and that no judgment of that court has been rendered against Traver. If that was the intention of the parties to the undertaking, why was it not expressed? Why were not the words, "in the county court," inserted after "rendered," in the undertaking? The words used in the undertaking are broad enough to include any judgment which might be rendered against Traver in that action, whether in the county court or this court.

But it is obvious that there was never any *intention* on this point, in the minds of the obligors, or rather, that they intended to comply with the statute which prescribes the form of this security. (*Code,* § 356.) They have adopted the very words

of the enactment. And the true question is, what is the con-construction of the statute? rather than what is the construction of the undertaking, or what is the agreement of the parties? The obligors and obligee never had any agreement—any meeting of minds—on the subject. The latter recovered his judgment; and the former, availing themselves of the privilege extended by law, obtained a stay of execution on the judgment, by giving the undertaking which the law had prescribed.

It seems obvious then, that the legislature in using, in the statute, words sufficiently broad to charge a party under circumstances like the present, meant to include all that fairly comes within the terms employed. Full effect should be given to the plain intention of the legislators. We must presume that they foresaw that just such a state of facts must not unfrequently occur, as are presented in this case. As they have adopted a form of expression so general as to provide for this case, how can the court say that they intended something less than that—something which would render every judgment of a justice's court less valuable, by the temptations that would be held out to litigation and strife. For such would certainly be the result of the construction here contended for by the defendant.

As, then, there is a legal liability against the defendant, and also a moral obligation, certainly to the extent of the judgment of the county court, if it had been what it should have been; is there any method by which the recovery to be had in this action can be restricted to the amount of what should have been the judgment in the county court? I see none. The liability of the defendant is an entire one. It is to pay so much of the judgment that may be rendered against Traver, as shall be unsatisfied on execution. There is no way of ascertaining what would have been the amount of the judgment of the county court, had it been a judgment of affirmance. Had the judgment of the county court been *against* Traver, then the condition of the undertaking would have been broken, and his surety would have been charged; and, probably, in case of a further appeal by Traver, Crouse would not have been liable for

the costs of that appeal. But, since the decision of the general term of this court, reversing the judgment of the county court, there is no judgment of the county court. That which was such a judgment has been reversed—has ceased to be—is held for nothing. No breach of the condition of the undertaking occurred, till the judgment of this court was rendered, and the execution thereon was returned unsatified. When the breach occurred, then the liability of the defendant became commensurate therewith; and he cannot claim to have it limited to a part, which cannot be measured or judicially ascertained, even though under another state of facts, that might have been the extent of his liability. Besides, the moral duty of indemnifying the plaintiff against the consequences which resulted from the defendant's giving the undertaking, will be found to extend, I think, to the costs of the appeal to this court. Those costs have been incurred by the plaintiff, it is true, by reason of the erroneous decision of the county court. But, in all probability, that court would have given no judgment, as there would probably have been no appeal to it, but for the stay of execution which Crouse obtained by joining in this undertaking.

I think judgment must be rendered in favor of the plaintiff against the defendant for the sum of $132.91, being the amount of the judgment of the general term of this court, in the case of Smith *vs.* Traver, together with interest thereon from the rendition of that judgment.

The parties have stipulated that neither shall have costs or disbursements against the other.

[DUTCHESS GENERAL TERM, April 14, 1857. *S. B. Strong, Emott* and *Birdseye,* Justices.]