The appellant, for whom the defendants were sureties, had the benefit of his appeal and of the stay of proceedings upon the judgment appealed from, as the result and in consequence of the undertaking in suit; and the question now is, whether the erroneous judgment of the Supreme Court, reversing the judgment appealed from, worked a release of the sureties, notwithstanding the error was corrected upon appeal to this court, and the original judgment ultimately affirmed. The undertaking was in the form prescribed by the Code (§§ 335, 348); and by it the defendants undertook that, if the judgment should be affirmed, the appellant would pay the amount thereof. In terms, the undertaking does not restrict the liability of the defendants to the contingency of an affirmance of the judgment by the Supreme Court. The condition may as well refer to an affirmance by the judgment of any court to which the cause may go by appeal, or the final decision of the action in the court of last resort. There was no reason for making the undertaking effectual only upon the first appeal, and for the judgment of a court which was not necessarily final; and the statute, and the undertaking given in pursuance of it, have respect to the final determination in the court of last resort, or the last court to which the parties may take it by appeal. The cause is the same in every court, and the question in each is the same, to wit, whether the first judgment — that appealed from by the defendants' principal — was erroneous and should be reversed, or was right and should be affirmed. The condition is, in substance, for the ultimate affirmance of the judgment appealed from. *Page 486 
Upon the most literal and strict reading of the undertaking, the defendants became liable upon the filing of the remittitur from this court, and the entry of the proper judgment in the Supreme Court. The first judgment of that court became as if it had never been pronounced; and the judgment entered in pursuance of the decision of this court was one in affirmance of the judgment first appealed from. That the remedy of the plaintiff was suspended, or, rather, that the defendants' liability was in suspense, pending the appeal to this court, does not affect the question. Nor is there anything in the suggestion that the defendants were not parties to the appeal to this court. They consented to become liable upon a contingency which has happened, and for the result of an action of which they had no control and to which they were not parties, and are bound, not because they were parties to either appeal, but by the terms of their undertaking.
The principle is well settled in cases entirely analogous. The security given by a non-resident plaintiff on obtaining a warrant from a justice of the peace was held to extend to the final determination of the cause, when carried by appeal to the Court of Common Pleas, and that the sureties were not discharged by a recovery before the justice which was reversed. (Traver v.Nichols, 7 Wend., 434.) The like decision was made in this court, in an action upon a bond given on the issuing of an attachment by a justice of the peace against a non-resident debtor, under section 33 of chapter 300 of the Laws of 1831. (Bennett v. Brown, 20 N.Y., 99.) To the same effect is Ball
v. Gardner (21 Wend., 270); both cases holding that a bond given by a party, on suing out an attachment from a justice's court, conditioned to pay all damages, c., if he fail to recover, extends to the final determination of the cause. InSmith v. Crouse (24 Barb., 433), it was decided that when a party, on appealing to the County Court from the judgment of a justice of the peace, executed an undertaking, conditioned that, if a judgment shall be rendered against the appellant, c., the obligees would pay the amount, c., and the County Court reversed the judgment, and, on appeal to the Supreme Court, *Page 487 
that court reversed the County Court and affirmed the judgment of the justice, the sureties were liable upon their undertaking. That case appears to have been well decided, and the principle involved is decisive of this appeal.
The judgment should be affirmed.