Wright *v.* Rowland.

---

## WRIGHT *v.* ROWLAND.

December, 1868.

Reversing 36 *How. Pr.* 115.

An appeal lies to this court, from an order of the general term, made upon appeal from the special term, vacating an attachment after judgment recovered in the action.[*]

Property seized on an attachment issued as a provisional remedy, is held to meet the ultimate recovery in the action, not merely to meet

[*] Compare Yates *v.* North, 44 *N. Y.* 271.

such judgment as may first be recovered. Hence, pending plaintiff's appeal from a judgment awarding him only part of his claim, defendant is not entitled to have the attachment vacated on payment of such part.

Hiram Wright, as administrator, &c., prosecuted this action against Mary A. Rowland, in the supreme court, to recover upward of nine thousand dollars and interest. Attachments were issued, under which property of the value of nine thousand dollars or thereabouts was seized and held by the sheriff to answer the judgment in the action.

Issue being joined, the action was referred and tried; and upon the decision of the referee judgment for plaintiff was entered for five hundred and twenty-eight dollars and seventy-two cents, including costs, on Feb. 7, 1868.

The plaintiff, dissatisfied with the amount of the recovery, and questioning the grounds upon which the referee disallowed, to so great an extent, his claims in the action, appealed from the judgment to the general term of the supreme court, where his appeal was still pending.

After the taking of such appeal, the defendant, upon these facts, and an offer to pay the judgment entered for five hundred and twenty-eight dollars and seventy-two cents, moved at special term, for a discharge of the attachment. The motion was there denied, and the defendants appealed.

*The supreme court*, at general term, held that the pendancy of the appeal from the judgment, did not affect the defendant's right to have the attachment discharged; and ordered that, on payment of the amount of the judgment and interest and costs of appeal, within five days, the attachment be, and the order declared that it " is, hereby discharged." Reported in 36 *How. Pr.* 115. Plaintiff appealed.

*John K. Porter*, for plaintiff appellant, insisted that the appeal from the judgment on the merits was but a continuation of the original suit, and the attachment was security for whatever might be finally recovered.

*John E. Burrill*, for defendant, respondent, insisted that the

Wright *v.* Rowland.

order was not appealable; that it was not a vacatur, but relief granted on terms; and that the judgment must be deemed final so far as the attachment was concerned.

By the Court.—WOODRUFF, J. [After stating the facts.] —1. It is objected that the order is not appealable and can not, therefore, be reviewed in this court.

There is no ground for this objection. This court has jurisdiction " to review on appeal every actual determination made at a general term by the supreme court," " in a final order affecting a substantial right made . . . upon a summary application in an action after judgment." *Code of Pro.* § 11, subd. 3.

The order appealed from is such a determination; it was made after judgment had been rendered, on summary application by motion. It was, therefore, in no wise included in the judgment, and no appeal from any judgment in the action could bring it under review.

It affected a substantial right. A right, because if the property seized on the attachment is by law to be held to meet any ultimate recovery by the plaintiff in the action in which the attachment was issued, then he has a legal right to have it continued in force; and, on the other hand, if such property can only be held for the payment of the judgment which has been entered, then the defendant had a legal right to have it discharged upon payment of that judgment. Where a case for an attachment as provided by statute exists, there is no discretion to be exercised on the question of the allowance of the attachment, or of its continuance for the purposes for which it legally operates.

2. The question therefore properly before us is, is property which has been duly attached, held to meet the ultimate recovery in this action, or only to meet the judgment which may be first rendered upon the issues made up between the parties?

The language of the statute seems to me quite explicit. It says that the plaintiff, in the cases enumerated, may have the property of the defendant attached " as a security for the satisfaction of *such judgment as the plaintiff may recover.*" *Code,*

§ 227. The sheriff is required to " keep the property seized by
him . . . to answer *any* judgment *which may be obtained*
in such action." § 232.

When the defendant appears and applies for the discharge of
the attachment upon giving security as a substitute therefor,
he must give an undertaking with at least two sureties to the
effect " that such sureties will, on demand, pay to the plaintiff
the *amount of judgment* that *may* be recovered against the de-
fendant in the action." § 241.

If I were to seek for language in which to describe the plain-
tiff's recovery against the defendant, I could find none more
explicit or comprehensive than " any judgment which may be
obtained in such action."

The object of the statute is, that in cases in which the plain-
tiff is entitled to this provisional remedy, he may have security
for the realization of whatever may be the fruits of the litigation,
and the terms of the statute appropriately express this object.

If a new trial be granted the action is still pending, and a
judgment will thereafter be pronounced in the action, it may be
in favor of the plaintiff. Surely that judgment is included in
the expression, " any judgment which may be obtained in such
action."

True, the judgment which has been rendered in the action is,
in a sense, " a final determination of the rights of the parties to
the action ; " it is so defined in the Code, § 245 ; but the argu-
ment for the respondent gains no strength from the designa-
tion, " final judgment." If the sections relating to the attach-
ment, had used the words " to answer the ' final ' judgment,"
the question would still be open whether " final " was not used
there to describe any ultimate recovery. But the respondent
here has not even the possible suggestions which in that case
could be urged. That is not the language of the sections;
" any judgment " includes a judgment recovered in the action
after a new trial, or after any number of new trials, as precisely
and as completely as it does the judgment which may be ren-
dered on a first trial.

The judgment which has been rendered is, in the plain terms
of the Code, a final judgment, *i. e.,* it purports to finally deter-
mine the rights of the parties to the action, and so long as it

Wright *v.* Rowland.

remains unreversed and in full force, it does determine those rights. But it is the subject of appeal and review, and it may be wholly set aside and held for nought; if it be reversed the action will then be pending and undetermined, and the plaintiff will be at liberty to proceed to obtain judgment in the action. That judgment, which was final so long as it was in full force, and which operated temporarily as a determination of the rights of the parties, was not final in any other sense. It seems to me, however, that to multiply words on this point is unnecessary.

It is, however, proper to notice the suggestion, that the court will not presume the judgment appealed from to be erroneous, but the contrary; and that the motion was properly granted on the presumption that the judgment is right, and that the plaintiff will not recover any better judgment.

The answer is obvious. The court on the motion are not called upon to indulge any presumption—certainly not a presumption that, because the judgment has been appealed from, it is erroneous. But they are called upon to notice that the same statute which authorizes an attachment, also authorizes an appeal from the judgment and a review thereof to test its correctness, and has given to the plaintiff a right to such review, in order to inquire whether it be erroneous or not, and the same statute contemplates the possibility of a reversal, and provides for ulterior proceedings in the action, in the event of such reversal leading to a new trial and judgment.

When, therefore, that same statute, with these provisions in full view, declares that the property attached shall be kept to answer any judgment which may be obtained, there is little room for doubt as to the meaning.

The principle of the decision of this court in Robinson *v.* Plimpton, 25 *N. Y.* 484, 485, is in direct opposition to the decision made in the court below, and the questions decided in the cases cited there are in very close identity with that now before us.

The order appealed from should be reversed.

All the judges present concurred, except GROVER, J., who did not vote.

Order of general term reversed and that of special term affirmed, with costs.