## N. Y. COMMON PLEAS.

ENOS RICHARDSON agt. ADAM KROPF.

*Undertaking — liability of sureties, on reversal of general term judgment.*

A judgment of *reversal* by the court of appeals of a judgment of the general term of the court below, reversing a special term judgment appealed from, does not satisfy and discharge the obligations of the sureties on the undertaking given on the appeal from the special to the general term.

*General Term, June* 1, 1874.

ROBINSON, *J.*—This is an action against sureties on an undertaking given on an appeal from judgment of the superior court to the general term, wherein, after a recital of the intention of the defeated party " to appeal to the general term of said superior court," the undertaking contained the obligations of the sureties prescribed by sections 334 and 335 of the Code. The judgment was reversed by the general term, but on appeal to the court of appeals such judgment of the general term was reversed and the original judgment affirmed, and such judgment of the court of appeals was, by order of the superior court, made the judgment of that court.

The only question raised on the argument, " Whether the judgment of reversal by the general term satisfied and discharged the obligations of the sureties on the undertaking, has been settled adversely to the present appellants by the court of appeals, in the cases of *Robinson* agt. *Plimpton* (1862, 25 N. Y., 484) and *Gardner* agt. *Barney* (1863, 24 *How.*, 467), affirmed in that court (*See* 25 *How.*, 599; 4 *Abb., N. S.*, 251). The appellants, however, claim that the

undertaking only recited an intended appeal to the general term, and that such restricted recital necessarily intended a limitation to the result of an appeal to that tribunal. While it is undoubted that sureties may limit their obligation, and if such restricted liability is accepted without objection that it does not give the full security afforded by the undertaking in the form presented by the Code, none other can be enforced. The obligatory portion of this undertaking was, however, in the general form prescribed by the Code; and while the recital was precisely what the appellant intended, it was also descriptive of such an appeal as the law, in that state of the case, alone permitted. No other but such appeal was taken by the principal, and the erroneous judgment he succeeded in obtaining at the general term imposed upon the other party the necessity of resorting to the court of appeals for its correction; but being thus corrected, it stood as a judgment consequent upon that appeal and resulting therefrom. It is claimed that the cases in the court of appeals above cited have been in effect overruled by the subsequent case of *Wilkens* agt. *Earl* (46 *N. Y.*, 358), and that it holds that the subsequent judgment entered upon the remittitur is the judgment of that court, and not of the court below in which it is entered.

I am unable to perceive any such result from that decision, or that any such point arose or was necessarily decided. It simply asserts the stringent power of that court over the court below, to require a strict compliance with its mandate, and the execution of its judgment by the court to which it is sent; but it in no way holds that when the court below has so ordered and adjudged, its judgment, because so entered by enforcement, becomes any the less its own final judgment upon the original appeal.

The judgment should be affirmed.

J. F. DALY, J., concurred.