HENRY J. HUMERTON, Respondent, *v.* VAN RENSSELAER HAY, Appellant.

Where, upon appeal from Justice's Court, an undertaking is given as prescribed by section 356 of the Code, the parties executing it covenant for the final result of the action, and if, ultimately, a final judgment is rendered against the appellant, upon which an execution may and is issued and returned unsatisfied, they are liable.

Accordingly, *held*, where the appeal to the County Court resulted in a judgment in favor of the respondent, which was reversed by the General Term of the Supreme Court, and the cause certified into the Supreme Court and there tried, resulting in a judgment for respondent, upon which execution was issued and returned unsatisfied, that the surety on the undertaking, given on appeal to the County Court, was liable.

An execution was issued upon the County Court judgment, and levy made upon property sufficient to satisfy it. An undertaking was given upon appeal to the General Term. *Held*, that the execution and levy did not aid defendant, as they fell with the reversal of the judgment; and that the undertaking in suit was not superseded by the one given on appeal to the General Term.

As to whether it would have been superseded had the County Court judgment been affirmed, *quære*.

No notice of judgment, execution and return is necessary to be given before suit is brought upon such an undertaking.

The return by the sheriff of the execution unsatisfied is, in the absence
of collusion or fraud, conclusive, and cannot be contradicted by evi-
dence that the appellant had property out of which the execution might
have been satisfied.

(Argued September 21, 1874; decided May term, 1875.)

APPEAL from judgment of the General Term of the Supreme
Court in the third judicial department, affirming a judgment
in favor of plaintiff entered upon a decision of the court on
trial without a jury.

This action was brought upon an undertaking executed by
defendant on appeal by one William Ballard, from a judgment
rendered against him in Justice's Court, in an action wherein
plaintiff herein was plaintiff, and the said Ballard was defendant.

The undertaking, after reciting the judgment, was as follows:

" Now, therefore, I, Van Rensselaer Hay, do hereby under-
take that if judgment be rendered against said appellant on
said appeal, and an execution thereon be returned unsatisfied
in whole or in part, I will pay the amount unsatisfied."

The justice's judgment was for eighty-five dollars and twenty-
five cents.  Upon trial in the County Court plaintiff recovered
judgment; an execution was issued thereon and levied upon
property sufficient to satisfy it, but nothing further was done
thereon.  An appeal was taken to the General Term of the
Supreme Court, and an undertaking given thereon.  The
judgment was there reversed, and the cause was transferred to
the Supreme Court, under the Code (§ 30, sub. 13), because
of the disqualification of the county judge.  The action was
tried at Circuit and resulted in favor of plaintiff.  Execution
thereon was issued and returned unsatisfied.  Upon the trial
of this action defendant offered to prove that Ballard, at the
time of the return, had property, liable to levy, sufficient to
satisfy the execution.  This proof was objected to and rejected,
to which defendant's counsel duly excepted.

*Jerome Rowe* for the appellant.  The undertaking on appeal
to the General Term did not vacate the levy; it only stayed
the proceedings under it.  (*In re Berry*, 26 Barb., 55.)

*Horatio Ballard* for the respondent. The words in the undertaking, " if judgment be rendered against said appellant," refer to and mean the judgment recovered in the court where the appeal is finally tried. (*Smith* v. *Crouse*, 24 Barb., 433; *Tibbles* v. *O'Connor*, 28 id., 538; *Liston* v. *Dodge*, 61 id., 125; *Bennett* v. *Brown*, 20 N. Y., 99; *Robinson* v. *Plimpton*, 25 id., 484; *Doolittle* v. *Dininny*, 31 id., 353; *Ball* v. *Gardner*, 21 Wend., 270; *Traver* v. *Nichols*, 7 id., 434; *Gelston* v. *Codwise*, 1 J. Ch., 194; *Sperling* v. *Levy*, 1 Daly, 95; *Fenns* v. *Dickenson*, 4 Den., 84; *Rannay* v. *Stringer*, 4 Bosw., 663; *Brockway* v. *Jewett*, 16 Barb., 593; *Johnson* v. *Yeomans*, 8 How., 140; *Grosvenor* v. *Hunt*, 11 id., 358; Code, § 326.) It was not necessary to give notice of the judgment before bringing this action. (*Heebner* v. *Townsend*, 8 Abb., 235.) The commencement of the action was a sufficient demand. (*Johnson* v. *Ackerson*, 40 How., 222; *Heebner* v. *Townsend*, 8 Abb., 235; *Gillett* v. *Balcom*, 6 Barb., 371; *Bruce* v. *Tilson*, 25 N. Y., 197.) The offer to prove the responsibility of William Ballard was properly rejected. (*Bloomer* v. *Lane*, 10 Wend., 525; *Fenton* v. *Flagg*, 24 How., 499; *Forbes* v. *Waller*, 25 N. Y., 440.)

REYNOLDS, C. The undertaking of the defendant was that if, on the appeal of Ballard to the Cortland County Court from the judgment rendered against him by the Justice's Court " judgment be rendered against the said appellant on said appeal, and execution thereon be returned unsatisfied in whole or in part, I will pay the amount unsatisfied." This was the undertaking required by statute to be given on such an appeal, and adding the words " on said appeal" to the words " judgment be rendered against said appellant" was nothing more than the statute plainly implied, for it was only the judgment which should be rendered against the appellant which the surety undertook in any event to pay. In this case, by law, the appeal made a new trial in the County Court a matter of necessity, and it is obvious that the undertaking had reference to a judgment rendered against

the appellant on the new trial in the County Court.    It
appears also to be settled that the judgment which the surety
undertakes to pay is the one finally rendered against the
appellant on the appeal.    (*Smith* v. *Crouse*, 24 Barb., 433;
*Gardner* v. *Barney*, 24 How. Pr., 467; *Robinson* v. *Plimp-
ton*, 25 N. Y., 484.)    The circumstance that the final trial
of the case on the appeal was had in the Supreme Court,
does not affect the question, as it was transferred to that
court for trial in pursuance of a statute by reason of the
disqualification of the county judge of Cortland county.    It
was the same case tried in pursuance of law on the same
appeal, and came within both the letter and spirit of the under-
taking.    The execution and levy on the judgment first recov-
ered in the County Court cannot aid the defendant, for that
judgment was reversed in the Supreme Court, and as a
matter of course the execution and levy fell with it, and
there was no breach of the undertaking given by Lathrop and
Quail on the appeal to the General Term of the Supreme
Court, which resulted in the reversal above referred to, and it
cannot be said to have been given to supersede the undertak-
ing given by the defendant on the appeal to the County Court.
If the judgment of the County Court had been affirmed on the
appeal to the Supreme Court, a different question might have
arisen.    No notice of the judgment, execution or return was
required to be given before suit brought.    The defendant
became liable when the judgment was finally recovered against
the appellant, and an execution thereon returned unsatisfied
and the return of the sheriff made without collusion or fraud
is conclusive, and cannot be contradicted in this action by
evidence tending to show that the defendant named in it had
property, out of which it might have been satisfied.

It thus appears that there was no defence to the plaintiff's
action, and the judgment of the Supreme Court must be
affirmed, with costs.

DWIGHT, C.    This is an action upon an undertaking on
appeal given by Hay as surety.    It was executed in an action
in which judgment had been recovered before a justice of

the peace, in which Humiston was plaintiff, and one William Ballard was defendant.

The judgment was rendered on 18th April, 1867, for eighty-five dollars and twenty-five cents. The defendant in that action appealed, and the present defendant executed an undertaking on the appeal, in accordance with section 356 of the Code.

The future proceedings, briefly stated, are as follows : The appeal to the County Court resulted in a judgment in favor of the plaintiff, this judgment was reversed by the Supreme Court; the cause was then certified into the Supreme Court under section 30 of the Code, was there tried at Circuit, and judgment perfected in favor of the plaintiff. An execution having been issued upon the judgment against Ballard's property, was returned unsatisfied.

The section of the Code under which the undertaking was issued provides " that it shall be to the effect that if judgment be rendered against the appellant, and execution thereon be returned unsatisfied, in whole or in part, the sureties will pay the amount unsatisfied."

It will be observed that the language of this section is very broad. It refers both to the judgment and the execution to be issued thereon. It manifestly looks to the final judgment in the cause. In this respect, it is much more comprehensive in its terms than the three hundred and thirty-fifth section, which simply provides that if the judgment appealed from be affirmed, etc., the appellant will pay the amount of the judgment. It might plausibly be urged in that case that the undertaking would not cover a series of new trials. In the case at bar, the defendant covenanted for the final result of the action and the payment of the debt, if an execution was returned unsatisfied. It is not required that any particular judgment be affirmed. The condition simply is, that " if judgment be rendered," etc. This plainly means any final judgment which may be rendered in the cause, upon which an execution may issue.

The principle of the cases of *Robinson* v. *Plimpton* (25 N.

Y., 484; *Doolittle* v. *Dininny* (31 id., 353); *Gardner* v. *Barney* (24 How. Pr., 567); *Liston* v. *Dodge* (66 Barb., 125) are applicable, and the judgment of the court below should be affirmed.

All concur.

Judgment affirmed.