WALTER S. CHURCH, RESPONDENT, *v.* THOMAS B. SIMMONS, APPELLANT, IMPLEADED WITH WILLIAM WHITBECK.

*Judgment for recovery of land — undertaking on appeal — agreement to prevent waste — when liability under, is terminated.*

In July, 1864, plaintiff recovered a judgment against one Whitbeck for the possession of certain real property. Whitbeck appealed to the General Term, and to stay proceedings, gave an undertaking, signed by the defendant Simmons, by which the latter agreed, among other things, " that during the possession of such property by the appellant, he will not commit, nor suffer to be committed, any waste thereon." The judgment was affirmed September 28, 1865, and Whitbeck, six days thereafter, appealed to the Court of Appeals, giving an undertaking, with other sureties, to stay proceedings. In January, 1867, the judgment was affirmed by the Court of Appeals. In the winter of 1866 and 1867 Whitbeck committed waste upon the property.

In an action to recover the damages occasioned thereby, *held*, that Simmons was not liable therefor, that his liability became fixed upon the giving of the undertaking upon the appeal to the Court of Appeals, and could not be affected by any subsequent acts of Whitbeck.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought, upon an undertaking given upon an

appeal, by one Whitbeck, from a judgment for the recovery of a farm in Rensselaer county. The defendant Thomas B. Simmons was a surety on such undertaking.

*Martin I. Townsend*, for the appellant.

*Matthew Hale*, for the respondent.

BOARDMAN, J.:

On the appeal to the General Term defendant Simmons undertook to become responsible, if the judgment was affirmed, for all costs and damages which should be awarded against Whitbeck on said appeal, not exceeding $250. These have been paid. He also agreed to pay the amount of the judgment, if affirmed. That has been done. In the same event he agreed to pay the value of the use and occupation of the property, not exceeding $100. This has not been paid, and the defendant does not deny the right of the plaintiff to recover such $100, and interest, in accordance with the report of the referee. Simmons, as surety, also agreed, that during the possession of said property by Whitbeck, he should not commit any waste upon the property. The undertaking of Simmons was given in July, 1864, and judgment of affirmance was rendered, under the decision of the General Term, in September, 1865. Six days thereafter an appeal was taken by Whitbeck to the Court of Appeals, and a new undertaking, with other sureties given, by which proceedings were stayed pending that appeal. In January, 1867, the judgment was affirmed by the Court of Appeals. In the winter of 1866 and 1867 Whitbeck committed waste upon the property in litigation. We are asked to determine whether Simmons is liable for such waste under his undertaking.

His undertaking was given that the surrender of the possession of the land might not be required from, or enforced against, Whitbeck. It operated as a stay of proceedings to get the possession. So long as Whitbeck retained possession by virtue of the stay so created, so long Simmons was liable for his acts. The contemplation of the parties, and the purposes of the law were, that Simmons' liabilities should be fixed when the judgment was affirmed, and a reasonable time allowed to take or enforce the surrender of the possession. So long as Whitbeck viciously might refuse to sur-

render the possession, under the decision of the General Term, so long would Simmons' liability continue for his acts. From October, 1865, to January, 1867, the plaintiff in that judgment was at liberty to enforce it against Whitbeck, and take possession of the land in dispute, so far as Simmons was concerned. This was prevented by the giving of the new undertaking on appeal to the Court of Appeals. At the time when that was done, the liability of the defendant Simmons was fixed. No waste had then been committed by Whitbeck. He no longer remained in possession by virtue of Simmons' undertaking. He stayed because the new undertaking permitted it. More than a year after Simmons' liabilities had become fixed by the judgment of the General Term, and more than a year after the plaintiff in that judgment might have taken possession under it, Whitbeck commits this waste. We think the spirit and intent of the law continues the sureties' liability during the time the plaintiff is kept out of the possession by virtue of the undertaking, and for a reasonable time after judgment of affirmance to enable him to enforce the surrender of possession. If no stay had been obtained, on appeal to the Court of Appeals, it would have been the duty of the plaintiff to have enforced his judgment by taking possession of the land in dispute. It would not be just to allow him to neglect that duty to the prejudice of a surety. There must be some period when the surety would cease to be liable by reason of laches and neglect. In the present case, Simmons was discharged from responsibility, for the acts of Whitbeck, after the new undertaking had been given. His liability being once fixed and determined could not thus be indefinitely extended and prolonged.

The cases of *Robinson* v. *Plimpton* (25 N. Y., 484), and *Hinckley* v. *Kreitz* (58 id., 583), do not materially aid us. The former holds sureties liable upon a judgment of affirmance of the Supreme Court, though done in obedience to the mandate of the Court of Appeals. The latter holds the sureties not liable for costs of affirmance, in the Court of Appeals, of a judgment of affirmance in the Supreme Court. The same principle of justice would exempt sureties in the Supreme Court from liability for damages for waste during the pendency of an appeal in the Court of Appeals, where proceedings had been stayed, as in this case. For the damages

and costs in the Supreme Court, the sureties are liable when the new appeal is taken, and that liability is not discharged thereby. In this case, that liability has been discharged by Simmons, except the $100, and interest, for use and occupation.

We conclude the judgment is wrong, so far as it charges defendant Simmons with $825, for waste committed by Whitbeck long after the appeal to the Court of Appeals, and the giving of a new undertaking staying proceedings upon such appeal, and providing for waste thereafter committed.

The judgment appealed from is, therefore, modified by reducing the damages therein to $164.64, and, as so modified, is affirmed, without costs to either party of this appeal.

LEARNED, P. J., and BOCKES, J., concurred.

Ordered accordingly.