Rumsey, J.
After this action was brought the note fell due, and Howard, the defendant here, brought suit against Bums, the plaintiff here, upon the note, in a court of a justice of the peace having jurisdiction. Burns appeared in that suit, pleaded the usury, and went to trial on that issue. The justice testifies that the question of usury was the only one litigated before him ; and that, after hearing the testimony of the par *323 ties, he found for the plaintiff (Howard) on the issue before him, and rendered judgment for the amount of the note, and costs. Howard presents this judgment as conclusive evidence for him, on the trial of the action in this court. To obviate its effect, Burns shows, and the fact is conceded, that, from the judgment of the justice an appeal has been taken to the county court for a new trial; and that the appeal has been perfected. And, this being a case in which a new trial can be had in the county court, Burns claims that, by such appeal, the justice’s judgment has been suspended, and its binding effect as an adjudication taken away. Whether that position is well taken, is the first question presented in this case.
Had the appeal from the justice’s'judgment been the ordinary appeal, like a writ of error at common law, in which the appellate court must examine the record, and reverse, affirm, or modify the judgment below, there is no doubt that the appeal would not suspend the judgment, but it would still remain a bar (Bank of N. Y. v. Wheeler, 28 Conn. 433 ; Bellinger v. Craigue, 31 Barb. 534; Sage v. Harpending, 49 Barb. 166 ; Freeman on Judgments, § 328). The rule seems to be different in California and Louisiana. But no other States follow the decisions of their courts.
But the plaintiff claims that, when the appeal is taken for a new trial, the rule laid down above does not apply. There are not, so far as I can discover, any cases in this State where the question has been decided or even raised; although Justice Could, in Pruyn v. Tyler (18 How. Pr. 33), discusses the question by way of illustration, but does not decide it.
The appeal for a new trial to the county court has an effect different from the writ of error. The writ of error presents to the appellate court only the question whether the judgment appealed from shall be affirmed, or reversed, or modified. Whatever the upper court *324 may do, the judgment below remains until the decision of the appellate court has been made, and its judgmeht entered; and, if that judgment is an affirmance, a new judgment is entered, and the judgment of affirmance is separate and distinct from the judgment appealed from.
It is true that, upon writ of error, or on appeal of the.same nature, proceedings may be stayed. But such stay does not affect the validity of the judgment, or its force as an adjudication, although it prevents its immediate enforcement.
But upon an appeal for a new trial, the case is heard de novo. From the time the appeal is perfected, the action is deemed to be pending in the county court. And all proceedings in the suit, including the entry, enforcement, and review of the judgment are the same as if the action had been originally commenced in that court (Code Civ, Pro. § 3,071). The new trial is a matter of right. The undertaking given is to pay the judgment, of the appellate court (Code Civ. Pro. § 3,050 ; Hunerton v. Hay, 65 N. Y. 380). No execution .can be issued on the judgment appealed from. And .the county court, upon final decision, renders a new judgment, in accordance with the verdict, or report, and without regard to the judgment below, upon which execution is issued. From the time the appeal is perfected, the justice’s judgment is practically functus officio. The issues joined between the parties are remitted to another tribunal, there to be re-tried, upon new evidence; with no presumption in favor of the first judgment, and, indeed, without any reference to it. The whole matter is thus at large, as though no trial or judgment had been had ; or, more properly, as though a new trial had been ordered. The effect of the statute which permits a new trial of the fact, and the law, is the same, as it seems to me, as though the new trial had been ordered by the court; in which *325 case the estoppel of the judgment would be gone (Wood v. Jackson, 8 Wend. 9).
It may be that the parties by agreement may discontinue the appeal; and, in that case, the judgment would remain in force,—as was held in Miller v. Van Anken (1 Wend. 516). But in the absence of any agreement, if the appeal is perfected, I think, on principle, the judgment appealed from ceases to be effectual as an estoppel, or as evidence between the parties.
While this question does not seem to have been decided in this State, the same result that I have reached has been announced by the judges in several other courts. In Curtiss v. Beardsley (15 Conn. 518) the supreme court of Connecticut held that an appeal from a judgment of a justice, to the county court, under a statute which provided for a new trial in the appellate court, vacated the judgment of the justice. This case was approved by the same court in Bank of N. A. v. Wheeler (28 Conn. 437, 441, 442), where the distinction I have sought to make between appeals in the nature of a writ of error, and appeals for a new trial is taken, and made the basis of the decision. In Yeaton v. United States (5 Cranch, 281), which was an admiralty case, in which the cause is heard de novo, in the appellate court, the court were of opinion that the appeal suspended the sentence, and that the matter was not res adjudícala, until the sentence of the appellate court had been passed. The same ground is taken as to the effect of an appeal, where a new trial is to be had, by the supreme court of Massachusetts (Campbell v. Howard, 5 Mass. 376). Both on principle, and authority, then, I think that, under the circumstances, the justice’s judgment was not available to the defendant as evidence in this action.
This conclusion requires me to examine the evidence in the case, which I have done with care. Without going over it in detail, it is sufficient to say *326 that I do not think the usury is established. The transaction is susceptible of a proper and innocent interpretation. In such a case, the question is as to the intent of the parties (Thurston v. Cornell, 38 N. Y. 281-285).
I do not think that the plaintiff has established the usurious intent, and for that reason, the complaint' must be dismissed, with costs.

 The Code of Civil Procedure contains, in title 8 of chapter 19,_which relates to appeals from justices’ judgments,—“Article *322 s’’ of “Appeals where new trial is not had in the appellate court; ” and “Article 3,” of “Appeal for a new trial in the appellate court.”
The first section of this third article, which regulates the proceeding alluded to in the case in the text, is as follows : “ § 3,068. Where an issue of fact or an issue of law was joined before the justice, and the sum, for which judgment was demanded by either party in Ms pleading, exceeds $50; or where, in an action to recover a chattel, the value of the property, as fixed, together with the damages recovered, if ,any, exceeds $50; the appellant may, in his notice of appeal, demand ¡a new trial in the appellate court; and thereupon he is ..entitled thereto., whether the defendant was or was not present at the ¡trial.”
This section applies to the justices’ courts of Albany and Troy ,(§ 3,313), and to the municipal court of the city of Rochester (§ 3,336); but it does not apply to the Hew York district courts (§ 3,313).
Article 1 of title 8 of the same chapter,—which is entitled of “appeals generally,”—contains another provision in reference to appeals founded upon error in fact not affecting the merits of the motion, which is as follows: ■“§ 3,057. Where an appeal is founded upon an error in fact in the proceedings, not affecting the merits of the action, .and not within the knowledge of the justice, the court may determine the matter upon affidavits; or, in its discretion, upon '■the examination.of witnesses;; or in both methods.”