JANE HUTCHINSON, RESPONDENT, *v.* WILLIAM P. GROUT, APPELLANT.

*Undertaking on an adjournment in a Justice's Court — Code of Civil Procedure, secs. 2961, 2962 — the liability of the surety extends to a judgment recovered on a new trial in the County Court on an appeal.*

In an action brought by the plaintiff in a Justice's Court against one McLeod, an adjournment was, upon the application of the defendant, granted upon his giving an undertaking in the form required by section 2962 of the Code of Civil Procedure, executed by himself and the defendant. The plaintiff, being dissatisfied with the judgment which he recovered in the Justices' Court, appealed to the County Court, where, upon a new trial, he recovered a larger one, upon which an execution was issued and returned unsatisfied. More than ten days after the recovery of the judgment in the Justices' Court, but before the new trial in the County Court, McLeod sold, disposed of, and secreted money and other property, both real and personal, owned by him, and liable to levy and sale by virtue of an execution, for purposes other than for the necessary support of himself and his family.

This action, brought by the plaintiff upon the undertaking, was defended by the surety upon the ground that his liability thereunder could only be founded upon a judgment recovered before the justice, and not upon one recovered in the County Court, and that the ten days within which the defendant must refrain from disposing of his property were to be computed from the time of the rendition of the justice's judgment.

*Held,* that the claim was untenable, and that the plaintiff was entitled to recover.

*Quære,* as to whether the transfer or assignment of real estate by the debtor is a disposition of property, " liable to levy and sale by virtue of an execution," within the meaning of section 2962 of the said Code. (Per BRADLEY, J.)

APPEAL by the defendant from a final judgment, entered upon the decision of the Niagara County Court, overruling a demurrer to the complaint, after a default, in compliance with an interlocutory judgment entered on such decision.

*M. M. & C. M. Southworth,* for the appellant.

*Henry M. Davis,* for the respondent.

BRADLEY, J.:

The plaintiff brought an action in Justices' Court against one McLeod, who on the return day of the summons appeared, and after issue joined made application for an adjournment, and being so required by the plaintiff gave the requisite undertaking, executed by him and the defendant, and an adjournment was granted. The trial afterward had in the Justices' Court resulted in a judgment there in favor of the plaintiff for thirty-eight dollars and costs, the amount of which judgment McLeod paid to the justice.

The plaintiff then appealed to the County Court, where the action was retried in 1884, and he recovered a verdict for $100, upon which judgment was entered with costs, on which execution was the same day issued against the property of the defendant therein, and afterwards returned wholly unsatisfied, and payment of the amount of the judgment was demanded of the defendant and refused by him. Shortly after the adjournment was had in Justices' Court, and from time to time thereafter, and before the trial in the County Court, McLeod " sold, disposed of, secreted and removed money and other property, both real and personal, of the value of about $2,000, owned by him in the county of Niagara," and liable to levy and sale by execution, which " was not so sold,

removed, disposed of or secreted for the necessary support of himself and his family." These facts were alleged in the complaint and judgment demanded for the amount of the recovery in the County Court. The defendant's demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action, being overruled, with leave, etc., interlocutory judgment was entered.

The defendant being in default in not answering over, etc., final judgment was entered, from which this appeal is taken. And the question presented is whether the undertaking made by the defendant was effectual to charge him with liability.

The statute provides that the undertaking in such case "must be to the effect that if the plaintiff recovers judgment in the action, and if before the expiration of ten days after the plaintiff becomes entitled to an execution upon the judgment, the defendant removes, secretes, assigns, or in any way disposes of any part of his property liable to levy and sale by virtue of an execution, except for the necessary support of himself and his family, and if an execution upon the judgment is returned wholly or partly unsatisfied, the sureties will, upon demand, pay to the plaintiff the sum due upon the judgment. (Code Civ. Pro., § 2962.)

The counsel for the defendant contends that liability furnished by such an undertaking can be founded upon a judgment recovered before the justice only, and that the time within which the judgment debtor must refrain from disposition of his property for the protection of his surety against liability is ten days after the rendition of the justice's judgment. The trial in the County Court was of the same action which was commenced in the Justices' Court, and the judgment in question was recovered in no other action. The statute does not in terms limit the effect of the undertaking to judgment and issue and return of execution in Justices' Court, but seems to have reference to final judgment in the action. And the terms of the undertaking are, in fact and legal effect, as broad as the statute. (*Richardson* v. *Kropf*, 5 Daly, 385; affirmed, 60 N. Y., 634.)

The appeal for a new trial in the County Court operated to suspend the effect of the justice's judgment, and by force of the statute the action was then pending in the appellate court as effect-

ually as if it had been originally brought there, and upon the recovery of the judgment in that court, that of the justice was in legal contemplation, and for all practical purpose, no judgment, so that the only judgment in the action is that of the County Court. (*Burns* v. *Howard*, 9 Abb. N. C., 321.) The situation is, that the action was commenced in Justices' Court, was tried in the County Court, and the judgment in the action there recovered. It would seem to follow that the disposition as alleged by the judgment debtor of his property, the issue and return unsatisfied of execution on the judgment, followed by the demand of and refusal by the defendant, had the effect to charge him with liability upon his undertaking within the meaning of the statute.

If McLeod had recovered in the Justices' Court, and on appeal to the County Court by the plaintiff she had obtained a verdict and judgment, it could not be said that she had before then been entitled to an execution upon a judgment in the action. And the fact that she did recover in the Justices' Court, and may have been entitled to an execution if she had elected to take it, does not aid the defense. To make such election and take execution there, required the waiver by her of the right given by statute to assert by appeal that it was not the judgment in the action. She had the right in that manner to deny that she was entitled to execution upon that judgment within the meaning of the statute. And in view of the effect of the judgment subsequently rendered in the County Court it cannot be said, for the purposes of the question here, that there was at any time a judgment in the Justices' Court to support an execution.

The contention that the undertaking and its effect were confined to the proceedings in the court in which it was made, and that it had completely served its purpose when the action was taken into the County Court, is not supported by the apparent meaning or the reasonable interpretation of the statute. (*Traver* v. *Nichols*, 7 Wend., 434; *Ball* v. *Gardner*, 21 id., 270; *Smith* v. *Crouse*, 24 Barb., 433; *Bennett* v. *Brown*, 20 N. Y., 99 · *Doolittle* v. *Dininny*, 31 id., 350; *Humerton* v. *Hay*, 65 id., 380.) The fact that the undertaking was made in aid of an interlocutory proceeding in the action before the justice does not seem important. Its statutory purpose is security for the protection, in the event of recovery in

the action, of the plaintiff's remedy by execution, and that it may not be defeated by the voluntary disposition of property subject to levy and sale within the time specified. The security is not dependent upon recovery in any particular court, but in the action in whatever court it may properly be had.

But it is said that the term "property liable to levy and sale by virtue of an execution," so qualifies the character of the property referred to as to exclude real estate; that the execution in view is process upon which personal property only can be taken and sold, and that therefore the statute has reference only to executions issued upon justice's judgment. While an actual levy upon personal property and custody of it, by virtue of the execution are required, to permit a sale upon such process, no formal levy is made on real property for that purpose. The judgment is but a general lien upon land, and it is by means of this process and the use made of it by the officer who executes it, that the judgment debtor is divested of title. This is done to collect the judgment and not to execute the lien, although the lien protects the right of the creditor so as to give beneficial priority to the effect of the sale and purchase as of the time it attached. It is by virtue of the execution that the sale is made, while the quantum of the estate sold is governed by the lien of the judgment. But unlike a levy on personal property, the officer acquires no special property in the land, nor is the owner divested of any title before sale, nor of possession until title is perfected under it. It is, however, not an inapt expression to say that the execution is levied upon the land which is subjected to and distinguished by the proceedings and sale by virtue of it, although no formal levy is required to be made. (*Shepard* v. *Rowe*, 14 Wend., 260; *Parsons* v. *Bowdoin*, 17 id., 14; *Wood* v. *Colvin*, 5 Hill, 228; Code Civil Pro., § 1252; *Conard* v. *Atlantic Ins. Co.*, 1 Peters, 386, 443.)

In *Colt* v. *Phœnix Insurance Company* (54 N. Y., 595), the remark made is qualified by the application there made of it. The issuing of an execution, and proceedings taken by it, to sell land which was the subject of the general lien of a judgment, effected no change of property, and, therefore, was not the levy of an execution within the meaning of the condition of the policy of insurance in question there. And for like reason it is held that the gen-

eral lien of a judgment is not within a condition of a policy against incumbrances. (*Owen* v. *Farmers' J. S. Ins. Co.*, 57 Barb., 518.) But if it be assumed that this section (2962) of the Code embraced in the term property liable to levy and sale by virtue of an execution, personal property only (which it is unnecessary now to determine), that is not important upon the question presented by the demurrer. The complaint alleges the disposition of personal as well as real property, which, in that respect, supports the cause of action without reference to the alleged disposal of real estate.

The judgment should be affirmed, with costs, with leave to the defendant to withdraw his demurrer and answer over within twenty days, on payment of costs of the demurrer and of this appeal.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Judgment affirmed with costs, with leave to defendant to withdraw demurrer and answer over within twenty days, on payment of costs of the demurrer and of this appeal.