MACKELLAR v. FARRELL et al.

(*Superior Court of New York City, General Term.* January 6, 1890.)

1. APPEAL-BOND—SURETIES—SECOND UNDERTAKING.

On an appeal to the general term from a judgment of foreclosure, defendant therein gave an undertaking by which his sureties bound themselves to pay any deficiency which should occur on a sale of the mortgaged premises. Pending an appeal from a judgment of affirmance by the general term, defendant obtained a stay of proceedings on giving an undertaking of like effect as the first, but for a larger amount. *Held,* that the sureties in the first undertaking were not relieved from their liability by the giving of the second undertaking, though the stay pending the latter appeal was against their wishes, and the property depreciated in value.

2. MORTGAGES—FORECLOSURE—RECEIVER PENDING APPEAL.

It is no violation of a stay of proceedings, pending an appeal from a judgment of foreclosure, for the respondent to obtain the appointment of a receiver of the mortgaged premises, as the stay extends only to proceedings under the judgment.

Appeal from jury term.

Action by Thomas Mackellar against Thomas Farrell and Thomas Hagan. Defendants appeal from a judgment entered on a verdict directed against them.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*E. J. Myers,* for appellants.   *George M. Mackellar,* for respondent.

FREEDMAN, J. This action is brought upon an undertaking executed by the defendants, and given upon an appeal taken to the general term from a judgment of foreclosure and sale in the action of *Mac Kellar* v. *Rogers,* by the defendant in that action. The defendants here resist recovery upon the ground that after the affirmance of the judgment of *Mac Kellar* v. *Rogers* by

the general term[1] the defendant in that action obtained a stay of proceedings
pending an appeal taken to the court of appeals from the judgment of affirm-
ance upon giving an undertaking. The defendants claim that the stay was
obtained against their wishes; but it is equally true that it was obtained
against the wishes of the plaintiff, for the latter opposed the granting of it as
well as he could. The fact is that the stay was granted by the court on a
special motion made for that purpose, and opposed by the plaintiffs. The
undertaking by the defendants was for the payment of any deficiency which
should occur upon a sale of the mortgaged premises, not exceeding the sum
of $2,500. The undertaking which constituted the basis for the stay com-
plained of was to the like effect, except that it was to the amount of $16,-
297.97, and also covered the costs of the appeal to the court of appeals.

The question, therefore, is whether the defendants, as sureties upon the first
undertaking, upon the affirmance of the judgment by the general term, had
such an absolute right to have the sale of the real estate under the judgment
of foreclosure take place, and to have the precise extent of their liability de-
termined, that the order of the special term providing for a stay pending the
appeal to the court of appeals, upon the execution of the second undertaking,
made without notice to or the consent of the defendants, discharged them
from further liability on their undertaking, for the reason that the order
amounted to a novation, and a substitution of the new undertaking in the
place and stead of the first undertaking. In *Burrall* v. *Vanderbilt*, 6 Abb.
Pr. 70, it was held that when sureties join in an undertaking they are pre-
sumed to know the legal effects of their act, and that one of those effects will
probably be the release of the real estate of the debtor from the lien of the
judgment; and that consequently the obtaining by the appellant, without no-
tice to his sureties, of an order declaring the judgment secured on appeal, does
not discharge the liability of the sureties, though the appellant was enabled
thereby to convey away real estate to which, under the lien of the judgment,
they had looked for their indemnity. In *Heebner* v. *Townsend*, 8 Abb. Pr.
234, it was held that the fact that the defendant had taken and perfected an
appeal to the court of appeals from the judgment of affirmance was no defense
to an action by the respondent upon the undertaking given on the first appeal.
The authorities are numerous and uniform that the sureties upon the under-
taking given on the first appeal are liable, to the extent of their undertaking,
upon the affirmance of the judgment against their principal by the last court
to which an appeal was taken. *Smith* v. *Crouse*, 24 Barb. 433; *Letson* v.
*Dodge*, 61 Barb. 125; *Gardner* v. *Barney*, 24 How. Pr. 467; *Richardson* v.
*Kropf*, 47 How. Pr. 286, affirmed 60 N. Y. 634; *Bennett* v. *Brown*, 20 N. Y.
99; *Robinson* v. *Plimpton*, 25 N. Y. 484; *Humerton* v. *Hay*, 65 N. Y. 380;
*Church* v. *Simmons*, 83 N. Y. 261; *Clute* v. *Knies*, 102 N. Y. 377, 7 N. E.
Rep. 181. The principle of the decisions is that the undertaking is a stat-
utory one; that its form is prescribed by statute; that the proper construction
of the words of the statute must always prevail over the private intent of the
sureties; and that by such construction the affirmance mentioned in the un-
dertaking means an affirmance by the legally constituted tribunal having final
cognizance of the subject of the litigation. Thus, it has been held that the
sureties remain bound if the judgment, though reversed by the court of gen-
eral term, is afterwards carried by appeal to the court of appeals, and there
the reversal is reversed, and the original judgment affirmed; and that it makes
no difference that when the undertaking was executed there was no appeal to
the court of appeals, but that the law under which the appeal was taken was
passed after the execution of the undertaking. *Gardner* v. *Barney*, 24 How.
Pr. 467. And in *Horner* v. *Lyman*, 2 Abb. Dec. 399, *43 N. Y. 237, it was
held that the obligation of the sureties in the undertaking is to exist at the

[1]Affirmed by court of appeals, 17 N. E. Rep. 350.

time they are called on to perform it. The only statutory provision which remains to be noticed is that where an appeal is perfected to the court of appeals, and security is given thereupon to stay the execution of the judgment or order appealed from, an action shall not be maintained upon the undertaking given upon the preceding appeal until after the final determination of the appeal to the court of appeals. Code Civil Proc. § 1309. This is a recognition of continued liability. For the reasons stated, the sureties in this case had no right to a sale within a reasonable time after the affirmance of the judgment by the general term; and the perfection of the appeal to the court of appeals by the appellant, by giving a new undertaking and procuring a stay thereon, did not amount to a novation, and did not discharge them. So far as the point now under consideration is concerned, the law makes no distinction between different kinds of judgments; and it therefore can make no difference that, if the premises had been sold within a reasonable time after the affirmance of the judgment by the general term, they would have brought a sum sufficient to pay the amount of the judgment, and the costs up to that time.

It has also been argued that the defendants are discharged, because, after the giving of their undertaking, the respondent, contrary to the terms of the stay, obtained the appointment of a receiver of the mortgaged premises. The proof does not show that the appointment was in violation of the stay. A receiver was appointed before the trial of the issues, and he subsequently declined to act. Application was then made, after judgment, to have some person appointed in his place. This involved no violation of the stay, which only stayed proceedings under the judgment.

Upon a consideration of the whole case, no exception can be found which constitutes ground for reversal. The judgment should be affirmed, with costs.

All concur.