JANE E. CHESTER and Others, Respondents, *v.* LUCY BRODERICK and Another, as Executors of MINOR T. BRODERICK, Deceased, Appellants.

*Sureties upon an undertaking, given on appeal to the General Term, are not discharged by the giving of a further undertaking upon an appeal to the Court of Appeals — novation.*

An undertaking was given upon an appeal from a judgment of foreclosure and sale, which was conditioned to pay any deficiency which might arise thereunder in case the judgment was affirmed at General Term or the appeal was dismissed. The judgment was affirmed at the General Term, and a further appeal was taken from such judgment of affirmance to the Court of Appeals, and another undertaking was given upon such latter appeal with other sureties. The judgment was affirmed by the Court of Appeals, and the sureties upon the undertaking given on the appeal to that court were forced, after a sale of the mortgaged premises, to pay their undertaking in full, in reduction of a deficiency arising upon such sale.

*Held,* that the sureties upon the undertaking, given upon the appeal to the General Term, were liable to pay the deficiency still remaining after the payment made by the sureties upon the undertaking given on the appeal to the Court of Appeals.

That the giving of the second undertaking did not amount to a novation, or substitution of the new undertaking in place of the old one.

Appeal by the defendants, Lucy Broderick and Edwin H. Ellsworth, as executors of Minor T. Broderick, from that part of an order entered in the clerk's office of Schuyler county on the 4th day of December, 1890, which directed judgment to be entered for the

plaintiffs upon the referee's report in the above-entitled action; and also from a judgment, entered in said office on said last-mentioned day, in favor of the plaintiffs for $2,972.35, after a trial before a referee of a claim against the estate of a deceased person, pursuant to the statute.

*Robert T. Turner,* for the appellants.

*Baxter, Gibson & Gaylord,* for the respondents.

HARDIN, P. J. :

Appellants' testator executed an undertaking on appeal to the General Term from a judgment of foreclosure and sale rendered in an action wherein Sarah Decker was plaintiff and Hattie Decker and others were defendants. The undertaking was executed by the deceased and one Sackett, as sureties, and it was given to stay proceedings on such an appeal, and was conditioned to pay any deficiency that might arise upon the foreclosure sale, in case the decree was affirmed by the General Term or the appeal dismissed. The judgment was affirmed by the General Term and thereupon the defendant Hattie Decker appealed to the Court of Appeals, and upon such appeal an undertaking was given in the sum of $9,000, with Turner and Gillette as sureties. The judgment was affirmed by the Court of Appeals and the premises subsequently sold on the judgment of foreclosure and sale, and there remained a large deficiency. The sureties upon the undertaking given on the appeal to the Court of Appeals paid the full amount of their obligation, and after that payment was applied there remained a deficiency of $2,586.90 unpaid upon the original judgment of foreclosure. To recover that sum, a claim was made against the estate of Broderick upon the undertaking which he had executed. The claim was rejected by his executors and a referee was appointed, who reported in favor of the claimant against the estate of Broderick, and the report so made by the referee was confirmed by the Special Term. The position taken by the appellants is that the giving of the said undertaking on the perfection of the appeal to the Court of Appeals discharged the prior sureties from further liability, because it amounted to a novation and a substitution of the new undertaking in place of the old.

We are of the opinion that the undertaking given by the appellants' testator remained valid notwithstanding the undertaking given thereafter to perfect the appeal in the Court of Appeals. It may be conceded that the undertaking given in the Court of Appeals constituted the prior or primary obligation for the payment of the deficiency arising upon the sale of the mortgaged premises. However, that is not important in this case, as the obligation has been fully met, and the moneys mentioned in the undertaking given in the Court of Appeals have been paid over to the plaintiff in that action and applied in liquidation of the deficiency, and the estate represented by the appellants in this case would only be declared liable for the remaining deficiency.

The reasoning of the court in *Smith* v. *Falconer* (11 Hun, 483; S. C., affirmed, 79 N. Y., 633) seems to be adverse to the contention of the appellants. In that case it was said : "The engagement was absolute to pay any judgment which the plaintiffs might recover in the action, and was wholly independent of any statutory right to which the defendant, his principal, might resort for a stay of proceedings, which was the chief object of the undertaking given on the appeal. The plaintiffs are not responsible for the subsequent proceedings of the principal; they were obliged to submit, and the delay to which they were subjected was caused by the bond which the defendant gave. * * * If the defendant desired to prevent the accumulation of costs and interest, it was his duty, when the judgment was obtained, which ensued upon the reference, to have tendered the amount of it, and thus prevented any further liability. He did not do so, but permitted the appeal and the further undertaking and delay, without any act to protect himself."

The case of *Mackeller* v. *Farrell* (29 N. Y. St. Rep., 350), is adverse to the contention of the appellants. It was there said, that "the perfection of the appeal to the Court of Appeals by the appellant, by giving a new undertaking and procuring a stay thereon, did not amount to a novation and did not discharge them (such sureties)." The authorities cited in the opinion delivered in the case seem to sustain the conclusion reached by the court.

In *Babbitt* v. *Finn* (101 U. S. Rep., 7), a decision was made which is adverse to the appellants. In the course of the opinion in that case, Judge CLIFFORD says: "Where the bond is given in a

subordinate court to prosecute an appeal to effect in a superior court, the sureties become liable if the judgment is affirmed in the superior court; nor are they discharged in case the judgment of the superior court is removed into a higher court for re-examination and a new bond is given to prosecute the second appeal, if the judgment is affirmed in the court of last resort. Nothing will discharge the sureties given to prosecute the appeal from the court of original jurisdiction but the reversal of the judgment in some court having jurisdiction to correct the alleged error." Numerous cases are cited to sustain the position.

In *Smith* v. *Crouse* (24 Barb., 434), the court, in dealing with a similar question, observed: "No breach of the condition of the undertaking occurred till the judgment of this court was rendered, and the execution thereon was returned unsatisfied. When the breach occurred, then the liability of the defendant became commensurate therewith; and he cannot claim to have it limited to a part which cannot be measured or judicially ascertained, even though, under another state of facts, that might have been the extent of his liability."

It is argued by the learned counsel for the appellants that the effect upon the estate caused by reason of the appeal to the Court of Appeals, was to permit the mortgaged property to diminish in value pending the appeal. We think the answer to that suggestion lies in the fact that that risk was assumed by the appellants when they executed the undertaking. If they had desired to avoid any diminution or delay, they could have paid up the judgment secured by the undertaking and been subrogated to the rights of the judgment creditor; however, they were passive and acquiesced in the delay occasioned by use of the ordinary means of reviewing the primary judgment. We think the condition of the appellants' undertaking required them to abide the action of the ultimate court, as was said by Judge ALLEN in *Robinson* v. *Plimpton* (25 N. Y., 485): "The condition is, in substance, for the ultimate affirmance of the judgment appealed from. Upon the most literal and strict reading of the undertaking, the defendants became liable upon the filing of the remittitur from this court, and the entry of the proper judgment in the Supreme Court. The first judgment of that court became as if it had never been pronounced; and the judgment entered in

pursuance of the decision of this court was one in affirmance of the judgment first appealed from. That the remedy of the plaintiff was suspended, or, rather, that the defendants' liability was in suspense, pending the appeal to this court, does not affect the question. * * * They consented to become liable upon a contingency which has happened, and for the result of an action of which they had no control and to which they were not parties, and are bound not because they were parties to either appeal but by the terms of their undertaking."

We think *Gardner* v. *Barney* (24 How., 467), supports the position of the respondents. (See *Seacord* v. *Morgan*, 4 Abb. [N. S.], 251 ; *Humerton* v. *Hay*, 65 N. Y., 380.)

We are of the opinion that the second undertaking on the perfection of the appeal to the Court of Appeals did not discharge the appellants' testator from the obligation assumed by him when he executed the undertaking.

We are of the opinion that the report of the referee is right and that the order confirming the same was properly made.

The judgment and order must be affirmed, with costs.

MARTIN and MERWIN, JJ., concurred.

Judgment and order affirmed, with costs.