'
 
 The CHIEF JUSTICE
 

 delivered the opinion of the court.
 

 The seventy-eighth section of the Practice Act of Montana — which pi’ovides that “ in the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice
 
 *574
 
 between the parties” — is a modification of the common-law rule which construes all pleadings most strongly against the pleader, but even with the statute as our guide, we think the judgment below was correct. An answer to be good must overcome the case made by the complaint. If the facts well pleaded in the complaint are admittéd, as in this case, it must state other facts, sufficient, if true, to defeat the action in whole or in part, or it will not avail as a defence.
 

 That is not the case here. It is nowhere averred that at the time of the commencement of this action the appeal to this court was pending or that it had. ever been perfected. In fact, such averments seem to have been studiously avoided. The appeal was allowed in January,1869. Unless a transcript was filed in this court before the end of the following term that appeal would be vacated. In the language of very many decisions it would beeome/wneiitó
 
 officio.
 

 *
 

 The supersedeas is but an appurtenance of the appeal. The stay insisted upon in the answer, although there seems to have been an attempt to make it more, is only that which resulted from the supersedeas. That was at an end when the appeal became inoperative. The” failure, therefore, to aver that the appeal was in force was a failure to aver that the stay as granted continued to have effect.
 

 The complaint alleges that money was' made upon executions in 1870. The date of the issue'of the executions is not given, but if the collection was regular the judgmenteould not have been stayed when the money was.made, and that was after the time within which the appeal, if it was to remain in force, must be perfected. Clearly, therefore, to make the defence perfect, it was incumbent upon the defendant to aver distinctly in his answer not on-ly that the appeal had been taken, but that it had been perfected and was still peudiug when the action was commenced.
 

 It is, however, stated that no mandate or remittitur had-been issued from this court to the Supreme Court of the
 
 *575
 
 Territory, or from the Supreme Court of the Territory to the District Court when the action was commenced. None, could issue from this court, for there was nothing here, so far as the pleadings show, to remand. None was necessary from the Supreme Court of the Territory to the District Court, because the condition of the- bond is to pay if the judgment should be affirmed. The affirmance, therefore, is the material fact which is to fix the liability. That is averred in the complaint and not denied in the answer.
 

 Judgment affirmed.
 

 *
 

 Edmonson v. Bloomshire, 7 Wallace, 310.