## BABBITT *v.* FINN.

A., against whom a judgment in favor of B. was rendered in the District Court, sued out of the Circuit Court a writ of error which was a *supersedeas,* by his giving the requisite bond. The judgment having been affirmed, another bond for a *supersedeas* was executed and the cause removed here. The judgment of the Circuit Court was affirmed. The original judgment remaining unpaid, this action against the sureties to the first bond was brought. *Held,* 1. That their liability was fixed by the judgment of the Circuit Court, and was not diminished by the subsequent proceedings. 2. That they are not chargeable with the costs incurred by reason of those proceedings. 3. That the issue of an execution against A. was not essential to B.'s right to recover.

ERROR to the Circuit Court of the United States for the Eastern District of Missouri.

March 27, 1872, James C. Babbitt, assignee in bankruptcy of E. Miller, recovered, in the District Court of the United States for the Western District of Missouri, a judgment for $4,236.28, against Edward Burgess, who, on the 29th of that month, sued out of the Circuit Court a writ of error, and executed the requisite bond, with sureties, to render it a *supersedeas.*

This action was brought by Babbitt against John Finn and John Shields, who were such sureties. The breach assigned in the declaration is that " said Burgess did not prosecute said writ to effect, nor answer all or any damages or costs on failing to make good his said plea; but that said cause came on to be heard in said Circuit Court during the March Term, A.D. 1873; said Circuit Court, on the twenty-second day of March, 1873, ordered and adjudged that the said judgment of said District Court be, and the same was thereby, affirmed with costs;" " that afterwards the said record of said cause was taken from said Circuit Court to the Supreme Court of the United States on a writ of error; on the 25th of October, 1875, it was duly ordered and adjudged by said Supreme Court that the said judgment of said Circuit Court be, and the same was thereby, affirmed with costs, and that the said Babbitt, as such assignee, recover against the said Burgess $107.35 for his costs expended in said cause in said Supreme Court."

The declaration further alleges that said judgment of said

District Court is still in full force and effect, and is wholly unpaid and unsatisfied, &c.

The defendants filed a demurrer, which was overruled. They then answered, admitting the execution of the bond and the first judgment of affirmance, and setting up that Burgess subsequently gave a new *supersedeas* bond, and removed the case to this court, where the judgment of the Circuit Court was affirmed; and that by such second bond " the judgment of said Circuit Court was superseded, rendered inoperative, and vacated, and defendants were for ever released and discharged from any and all liability upon said bond sued on."

For a further defence, they averred that the plaintiff had not sued out an execution against Burgess, or pursued the sureties on the second bond, they being solvent.

To these affirmative defences the plaintiff demurred. His demurrer was overruled. The plaintiff then filed a replication, denying the new special matter set up. The court rendered judgment for the defendants. The plaintiff then removed the case here.

*Mr. Nathaniel Myers* for the plaintiff in error.

1. The admission in the answer of the execution and breach of the bond entitled the plaintiff to a judgment in his favor, on the pleadings, unless the special matter pleaded by the defendants constituted a valid defence.

2. The affirmance by the Circuit Court of the judgment of the District Court fixed the liability of the sureties, and was a breach of the condition to prosecute the writ of error with effect. *Karthaus* v. *Owings*, 6 Har. & J. (Md.) 134.

3. The second writ of error did not annul that affirmance, or discharge the sureties on the original *supersedeas* bond. *Dolby* v. *Jones*, 2 Dev. (N. C.) 109; *Ashby* v. *Sharp*, 1 Litt. (Ky.) 156; *Jordan* v. *Agawam Woollen Co.*, 106 Mass. 571; *Hinckley* v. *Kreitz*, 58 N. Y. 583; *Smith* v. *Falconer*, 11 Hun (N. Y.), 481; *Gillette* v. *Bullard*, 20 Wall. 571; *Smith* v. *Crouse*, 24 Barb. (N. Y.) 433; *Richardson* v. *Krapf*, 5 Daly (N. Y.), 385; Rev. Stat., sect. 1000; *Gardner* v. *Barney*, 24 How. (N. Y.) Pr. 467; *Robinson* v. *Plimpton*, 25 N. Y. 484; *Kellar* v. *Williams*, 10 Bush (Ky.), 216; *Brandenburg* v. *Flynn's Administrator*, 12 B. Mon. (Ky.) 399; *Patterson* v. *Pope*, 5 Dana (Ky.), 241.

4. It was not necessary to sue out an execution against the original judgment debtor. *Smith* v. *Ramsay*, 6 Serg. & R. (Pa.) 573; *Wood* v. *Derrickson et al.*, 1 Hill (N. Y.), 410; *Tissot* v. *Darling*, 9 Cal. 278; *Smith* v. *Gaines*, 93 U. S. 341; Brandt, Sureties, sect. 404.

*Mr. Given Campbell, contra.*

The only question for consideration is, Did the court err in rendering judgment in favor of the defendants? and it is submitted on their behalf that it did not. The new bond when the writ of error was sued out of this court operated as a *supersedeas*, and discharged the sureties on the bond given in the District Court.

Such a bond is intended to secure the payment of the judgment, if the defendant fails in the Appellate Court. Rule 29, Sup. Court; *Evans* v. *Hardwick*, 1 J. J. Marsh. (Ky.) 435; *Morris* v. *Barclay, &c.*, 3 id. 376; *Moore* v. *Gorin*, 2 Litt. (Ky.) 186; *Sumrall et al.* v. *Reid*, 2 Dana (Ky.), 65.

It is with this view that it is required to be in double the amount of that judgment. *Shannon and Wife* v. *Spencer*, 1 Blackf. (Ind.) 120; *Norwood* v. *Martin*, 3 Har. & John. (Md.) 199; *Parker* v. *Hannibal & St. Jo Railroad Co.*, 44 Mo. 415.

This court must have had in view the fact that at common law, sureties were not liable beyond the court for which they stipulated, or the fourth and tenth rules in admiralty would not have been so carefully framed.

The judgment of the Circuit Court, so far as it affected the defendants as sureties on the first bond was vacated by the subsequent proceedings, *Payne* v. *Cowan*, 17 Pick. (Mass.) 142; and an action of debt could not be maintained upon it. *Atkins* v. *Wyman*, 45 Me. 399; *Campbell* v. *Howard*, 5 Mass. 376; *Keen* v. *Turner*, 13 id. 266; *State of Ohio* v. *Commercial Bank of Cincinnati*, 7 Ohio, 129; *Clark Gale* v. *R. Butler, Jr.*, 35 Vt. 449.

The original bond was not given to secure the judgment of the Circuit Court when the cause was removed here. If that bond remained in force, another in double the amount of that judgment should not be required, as no additional security, except for costs, would be necessary to transfer the case here,

and stay proceedings during its pendency. Such is the course
in many of the circuits, in admiralty appeals, where stipulations
have been taken under rules 4 and 10.

After the second bond had been approved and a *supersedeas*
allowed, the Circuit Court had no longer the judgment in its
power. That bond stayed all proceedings, and precluded the
first bondsmen from fulfilling the condition of their bond.

Where property seized on execution has been released upon
a forthcoming bond, and before the day of sale mentioned
in that bond an appeal is taken, a bond for its due prosecution
discharges the sureties on the forthcoming bond.

A forthcoming bond discharges the lien arising from the
levy of an execution. *Brown* v. *Clark*, 4 How. 4; Freeman,
Judgments, sects. 380, 381.

The bond given for the release of an attachment discharges
the property from the lien of that writ. *St. Louis Perpetual
Insurance Co.* v. *Ford*, 11 Mo. 295; *Suydam* v. *Huggeford*, 23
Pick. (Mass.) 465.

In admiralty, a vessel libelled upon a lien claim is dis-
charged from the lien when the requisite bond is delivered.
The latter is a substituted security, taking the place of the
vessel. A bond accepted by the court upon ordering the
delivery to the claimant of property seized in admiralty is, in
the subsequent proceedings, a substitute for the property.
*United States* v. *Ames*, 99 U. S. 772. A second replevin bond
given and accepted discharges the first. *Chancellor* v. *Van
Hook & Brooking*, 2 B. Mon. (Ky.) 447.

These analogous cases are cited because authority upon the
exact question under consideration is not abundant. It is ele-
mentary learning, however, that there are no presumptions
against the defendants who, as sureties, have the right to stand
upon the very letter of their contract. A change for their
benefit without their consent releases them. Their obligation
vanishes with that of their principal, and their undertaking
was that he should be good for the judgment when rendered in
the Circuit Court, and that if he did not pay it then, or other-
wise indemnify and satisfy the plaintiff, they would do so for
him. When he gave his bond for a writ of error and a *super-
sedeas* to this court, he did indemnify the plaintiff to his satis-

faction, and secured the debt evidenced by that judgment. In consideration of such indemnity and security, Burgess was allowed to have his cause heard here, and all proceedings to enforce the judgment were stayed.

It cannot be successfully contended that the defendants are to be regarded as sureties to the plaintiff for the solvency of the sureties on the subsequent bond, or for the continuing solvency of their principal. They might be willing to underwrite his solvency until his cause should be decided in the Circuit Court, but not for two years longer, when the action would be pending in this court.

Such an extension of their liability would be making a new and more onerous contract for them. It seems, therefore, that the bond for the writ of error from this court is substituted for that originally given, and exempts these defendants from liability.

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Notice to the opposite party is required in every case when a writ of error is sued out or an appeal is taken to remove a cause into an appellate court, except when the appeal is allowed in open court; and the provision is that every justice or judge signing the citation, except in certain cases not material to mention, shall take good and sufficient security that the plaintiff in error or appellant shall prosecute his writ or appeal to effect; and if he fail to make his plea good, that he shall answer all damages and costs where the writ is a *supersedeas*, or all costs only where it does not supersede the execution. Rev. Stat., sect. 1000.

It appears that the plaintiff as an assignee in bankruptcy recovered judgment in the District Court against Edward Burgess in the sum of $4,236.28 debt, and costs of suit. Exceptions were filed by the defendant, and he sued out a writ of error and removed the cause into the Circuit Court for the same district to reverse the judgment. Sureties to the bond were required to perfect the removal of the cause, and the defendants in the present suit signed the bond as sureties of the principal, who is the party that sued out the writ of error.

Sufficient appears to show that the bond was duly approved and the writ allowed, and that the cause was removed into the Circuit Court for trial. Due notice was given to the plaintiff, and it appears that the parties were there heard and that the Circuit Court affirmed the judgment of the District Court, with costs. Payment of the judgment having been refused, and it appearing that the debtor had no property wherewith to satisfy the execution, the judgment creditor, as plaintiff, instituted the present suit against the defendants as the sureties of the principal, counting on the said bond as the cause of action.

None of these facts are controverted, and it appears that the plaintiff in his declaration assigned as a breach of the bond that the principal in the same did not prosecute his writ of error to effect nor answer all or any damages or costs on failing to make his plea good. Service was made; and certain proceedings followed that it is not important to notice, subsequent to which the defendants filed an answer, in which they set up the defence that the defendant in that suit by writ of error removed the judgment of the Circuit Court into the Supreme Court, and gave a new *supersedeas* bond, with good and sufficient sureties, to prosecute the appeal to the last-named court to effect; and the defendants here aver that by force and effect of said last-named writ of error and bond the judgment of the Circuit Court was superseded, rendered inoperative, and vacated, and that the defendants in that bond thereby became released and discharged from any and all liability on the bond which they signed as sureties for their principal, it appearing that the sureties on the last-named bond are solvent; and that the bond is sufficient in amount to answer all damages and costs.

Responsive to those affirmative defences the plaintiff filed a demurrer to the affirmative defences set up in the answer, which was overruled by the court. Failing in that, the plaintiff filed a replication denying the new matters set up in the answer, and the court, on motion of the defendants, rendered judgment in their favor. Exceptions were filed by the plaintiff, and he sued out the present writ of error.

Three errors are assigned in this court: 1. That the Circuit Court erred in overruling the plaintiff's demurrer to the affirmative defences set up in the answer. 2. That the court erred

in rendering judgment for the defendants. 3. That the court erred in not rendering judgment for the plaintiff.

Argument to show that the bond given in the District Court to prosecute the appeal to effect and answer all damages and costs was sufficient in form is unnecessary, as nothing is suggested to the contrary ; nor is it necessary to enter into any discussion to prove that the omission of the names of the sureties in the introductory part of the bond does not affect its validity, inasmuch as it appears that each signed and sealed the instrument. *Pequawkett Bridge* v. *Mathes,* 7 N. H. 230 ; *Martin* v. *Dorteh,* 1 Stew. (Ala.) 479 ; *Johnson & Cain* v. *Steamboat Lehigh,* 13 Mo. 539 ; Brandt, Sureties, sect. 15 ; *Cooke* v. *Crawford,* 1 Tex. 9.

Judgment was affirmed in the Circuit Court, and the rule is universal that the affirmance of the judgment in the Appellate Court fixes the liability of the sureties, as it shows conclusively that the principal obligor did not prosecute his appeal to effect. *Karthaus* v. *Owings,* 6 Har. & Johns. (Md.) 134, 139.

Where the bond is given in a subordinate court to prosecute an appeal to effect in a superior court, the sureties become liable if the judgment is affirmed in the superior court; nor are they discharged in case the judgment of the superior court is removed into a higher court for re-examination and a new bond is given to prosecute the second appeal, if the judgment is affirmed in the court of last resort. Nothing will discharge the sureties given to prosecute the appeal from the court of original jurisdiction, but the reversal of the judgment in some court having jurisdiction to correct the alleged error. *Dolby* v. *Jones,* 2 Dev. (N. C.) L. 109 ; *Ashby* v. *Sharp,* 1 Litt. (Ky.) 156 ; *Robinson* v. *Plimpton,* 25 N. Y. 484 ; *Smith* v. *Falconer,* 11 Hun (N. Y.), 481 ; *Gardner* v. *Barney,* 24 How. (N. Y.) Pr. 467–469 ; *Smith* v. *Crouse,* 24 Barb. (N. Y.) 433.

Sureties in a bond for an appeal from the special term to the general term are fixed in their liability when the judgment rendered in the special term is affirmed at the general term, but such sureties are not liable for costs in the appeal from the general term to the Court of Appeals, as the costs of such an appeal are not within the undertaking of the sureties in a bond given to prosecute the appeal from the special term to the general

term, from which it follows that the sureties in the bond to prosecute the appeal from the general term to the Court of Appeals are alone responsible for such costs, without any claim for contribution from the sureties in the bond given to prosecute the appeal from the court of original jurisdiction to the general term: *Hinckley* v. *Kreitz,* 58 N. Y. 583, 587.

Viewed in the light of these suggestions, it is clear that the sureties in the bond given to prosecute the removal of the cause in this case from the District Court to the Circuit Court became fixed when the judgment rendered in the District Court was affirmed; nor did the removal of the judgment of affirmance rendered in the Circuit Court into the Supreme Court have any effect whatever to diminish the liability of those sureties. Certainly not, as the judgment rendered in the Circuit Court was affirmed in the Supreme Court.

Judgment having been rendered against the principal in the bond in the District Court, and the condition of the bond being that he, the principal, shall prosecute his appeal to effect and answer all damages and costs if he fail to make his plea good, it is difficult to see how it can be held that the sureties are discharged when it is held both in the Circuit Court and the Supreme Court that the judgment of the District Court is correct and that the judgment should be affirmed. Neither principle nor authority will support that theory, nor do they afford it any countenance whatever. *Jordan* v. *Agawam Woollen Co.,* 106 Mass. 571.

Suppose that is so, still it is contended by the defendants that they are not liable in a suit on the bond because the plaintiff did not as a preliminary proceeding sue out an execution on the judgment and take proper steps to make the money. Without more, the condition of the bond is a sufficient answer to that defence, as it stipulates that if he, the principal, fails to make his plea good, the obligors, principal and sureties, shall answer all damages and costs, which is quite enough to show that it was not necessary that an execution should be sued out on the judgment before a right of action would accrue to the judgment creditors to enforce their remedy on the bond. As between the obligors and obligees all the obligors are principal debtors, though as between each other they may have the rights

and remedies resulting from the relation of principal and surety.

It was the affirmance of the judgment that fixed the liability, and inasmuch as the defendants bound themselves that the principal should pay the judgment if he failed to make his plea good, no such preliminary step is required. *Gillette* v. *Bullard*, 20 Wall. 571, 575 ; *Tissot* v. *Darling*, 9 Cal. 278, 281 ; *Smith* v. *Ramsay*, 6 Serg. & R. (Pa.) 573 ; Brandt on Sureties, sect. 404.

It is not' necessary in order to charge the sureties in an appeal bond that an execution on the judgment recovered in the Appellate Court should be issued against the principal. When they execute the bond they assume the obligation that they will answer all damages and costs if the principal fails to prosecute his appeal to effect and make his plea good, from which it follows that if the judgment is affirmed by the Appellate Court, either directly or by a mandate sent down to the subordinate court, the sureties *proprio vigore* become liable to the same extent as the principal obligor. Unless the bond contains some special provisions to that effect, the sureties in such a bond given in a common-law action do not become liable for the costs incurred in consequence of a new appeal to a still higher court ; or, in other words, the sureties in a bond given in the District Court to indemnify the opposite party on an appeal to the Circuit Court are not liable for the costs incurred by a subsequent removal of the cause from the Circuit Court to the Supreme Court, the rule being that in that court the plaintiff in error or appellant must give a new bond ; but it is equally well settled that such new appeal will not diminish or discharge the liability of his sureties on the bond given in the District Court, unless the judgment rendered in the District Court is wholly reversed.

Apply these suggestions to the case before the court and it is clear that the Circuit Court gave judgment for the wrong party.

The judgment will be reversed and the cause remanded with directions to sustain the demurrer of the plaintiff to the affirmative defences set up in the answer, and to render judgment in favor of the plaintiff, in conformity with this opinion.

*So ordered.*