THIRD NAT. BANK OF CHATTANOOGA v. GORDON et al.

(Circuit Court, N. D. Alabama, N. D. June 6, 1892.)

No. 1,444.

SUPERSEDEAS BOND—SURETIES—JUDGMENT BY MOTION.

Where a judgment of a federal court in Alabama has been affirmed by the supreme court, and the condition of the supersedeas bond given under rule 29 of the latter court has been thereby broken, judgment may be had thereon by motion against the sureties, as well as the principal.

At Law. Action by the Third National Bank of Chattanooga against Eugene C. Gordon and others upon certain promissory notes. Verdict and judgment were rendered for plaintiff, and the judgment was affirmed on writ of error by the supreme court. 12 Sup. Ct. Rep. 657, 144 U. S. 97. The cause is now heard on motion for judgment against the sureties on the supersedeas bond. Granted.

Wm. Richardson, Geo. T. White, and Francis Martin, for plaintiff. R. C. Brickell, for defendants.

BRUCE, District Judge. In this cause the plaintiff bank received a judgment in this court against the defendant Gordon for the sum

of $5,286.67 on the 14th day of April, 1888. An appeal was prayed and allowed to the supreme court of the United States, and a supersedeas bond was approved and filed in this court on the 17th day of April, 1888. The judgment was affirmed in the supreme court of the United States, (12 Sup. Ct. Rep. 657, 144 U. S. 97,) and a mandate in the usual form was received and filed in this court on the 6th day of June, 1892.

The plaintiff bank now comes, and by motion asks that he have judgment and execution against the sureties on the supersedeas bond for the amount of his judgment, interest, and costs, including the costs in the supreme court. The defendant in the judgment has had his appeal and hearing in the appellate court, and he has had a supersedeas of the judgment in the court below, which he obtained by giving the bond according to rule 29 of the supreme court of the United States, which provides:

"Supersedeas bonds in the circuit courts must be taken with good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and answer all damages and costs if he fail to make his plea good."

In this case the appellant has failed to make his plea good,—the condition of the supersedeas bond has been broken; and, in the words of rule 29, "the sureties on the supersedeas bond are to answer all damages and costs," which means they are to answer the plaintiff's judgments and costs. Does that mean simply that the sureties are to be liable in a suit against them? Is their liability on a bond of this character to be the subject of another suit? Or is there not a more summary remedy on the bond contemplated? It has been held that it is not necessary, in order to charge the sureties upon an appeal bond, that an execution on the judgment recovered in the appellate court should be issued against the principal. Babbitt v. Finn, 101 U. S. 15. And in that case the court says:

"When they execute the bond, they assume the obligation that they will answer all damages and costs, if the principal fails to prosecute his appeal to effect, and make his plea good; from which it follows that if the judgment is affirmed by the appellate court, either directly or by a mandate sent down to the subordinate court, the sureties, proprio vigore, become liable to the same extent as the principal obligor."

It is true the case the court was considering was not the case here, but certainly the reasoning of the court is to the effect that an appeal and supersedeas bond is something more than a mere liability for the amount of the plaintiff's judgment and costs, to be made effective only upon a suit upon the bond. If it is not required to exhaust the remedy against the principal in the bond before proceeding against the sureties, and if the sureties are liable to the same extent as the principal obligor, then what more is required than that there should be judgment and execution against the sureties, as there is against the principal obligor? The nature and character of a supersedeas bond seem to imply a more summary remedy upon it than a suit to enforce it. The plaintiff's judgment is superseded, and he is for the time deprived of his remedy by execution to obtain the fruits of his judgment. The supersedeas bond is given and approved by the

judge of the court in which the cause was heard and the judgment obtained; and the giving and acceptance of such bond are, to some extent, like a confession of judgment, if the appellant fails to maintain his contention in the appellate court.

The end of the litigation was reached in the court below when the judgment was rendered against the defendant, and presumably the plaintiff could by execution collect his judgment. The defendant, however, seeks an appeal and supersedeas, as of right he may; but upon what condition? Not simply that he will answer to the damages and costs if he fail to make his plea good, but his undertaking is to be with good and sufficient security that he shall prosecute his writ to effect, and answer all damages and costs if he fail to make his plea good. The sureties on the bond must be held to have known what their obligation was, when they signed it; and does it not clearly mean that as the matter in the appellate court shall terminate as to the principal obligor in the bond, so in like manner it shall be to the sureties on his bond? Can it be that one result is to fall to the principal on the bond; that is, on the affirmance of the judgment in the appellate court, judgment and execution are to follow in the court below against the principal, but a suit, only, to enforce the liability of sureties in the bond? Is it not more reasonable that but one result shall follow, and, as that result shall fall to the principal obligor in the bond, so it falls to the sureties on the bond, and that the court, upon motion, as in this case, will give judgment and execution, not only as to the principal, but also, and equally, against the security on the bond? It is said the court has no power or jurisdiction to render such judgment; that there is no act of congress giving the court such power,—which may be conceded; and that there is no state legislation in Alabama which authorizes such practice,—which may also be conceded. But whether there is state legislation or not, touching the subject, the supreme court of the United States would not be influenced by it. And the mandate to the judges of the court below is—

"That such execution and proceedings be had in such cause as according to right and justice, and the laws of the United States, ought to be had, the said writ of error notwithstanding."

The case comes back to the court below with the writ of error or appeal eliminated from the cause,—the condition of the supersedeas bond broken; and the court is again in possession of the cause, with power to give such remedy as the plaintiff may be entitled to. Sibbald v. U. S., 12 Pet. 491.

The practice in admiralty seems to be settled as to stipulation in appeal bond, and, as has been suggested, it is difficult to see why the rule should not be the same in all cases. Under the practice act of 1872, the courts of the United States, sitting in the various states, are to conform to the practice, proceedings, and modes of proceeding of the state in which the court is held, but only as near as may be; and state statutes do not give or take away the jurisdiction of the federal courts. Still, it may be noted that Alabama, like other states of the Union, has by statute given summary remedies upon appeal and supersedeas bonds, and in doing so has only done that which

ought to be done, in providing speedy remedies to parties who come into courts in pursuit of their legal rights, and who succeed in making their cause good. Any other practice would seem like a step backward; and, while the authorities cited may not, and do not, go to the precise question involved here, they are persuasive, and show the spirit and tendency, not only of legislative, but also of judicial, decision on this subject. Beall v. New Mexico, 16 Wall. 539; Smith v. Gaines, 93 U. S. 341.