·McNAMEE v. KELLEY et al.

(Fourth Division.  Fairbanks.  February 17,· 1910.)

No. 728.

1. APPEAL AND ERROR (§ 1237*)—SUPERSEDEAS BOND—SURETIES.

On November 9, 1907, judgment was entered in the District Court of Alaska in favor of plaintiff, with interest and costs, amounting to $9,000, and against the defendants Kelley, Broome, Blondeau, and Williams.  The defendants sued out a writ of error to the United States Circuit Court of Appeals, Ninth Circuit, and gave a supersedeas bond, with defendants Bernard, Beckford, and Palmer as sureties thereon.  On April 8, 1909, the appellate court affirmed the judgment of this court, and on May 4, 1909, the mandate of the appellate court was received and filed in this court.  Execution was issued, and a small sum collected from the original defendants, and thereafter the plaintiff now asks summary judgment against the sureties on said supersedeas bond for the balance due on the judgment, to which the sureties object on the ground that the court has no power or jurisdiction to enter summary judgment.  *Held*, by becoming sureties on the supersedeas bond, the surety defendants became quasi parties to all subsequent proceedings, and, having been defeated in the appeal, are now subject to the entry of a summary judgment against them on the bond which they signed.

[Ed. Note.—For other cases, see Appéal and Error, Cent. Dig. §§ 7478–4784;  Dec. Dig. § 1237.*]

2. APPEAL AND ERROR (§ 1237*) — SUPERSEDEAS BOND — JUDGMENT AGAINST SURETY.

A surety on a supersedeas bond is liable. to entry of a summary judgment upon affirmance of the judgment appealed from, without notice of the application to enter the summary judgment. After the affirmance of the judgment by the appellate court, the breach of the covenants of the bond has been judicially determined, and the defendants are entitled to no further notice before the filing of the mandate and the issuance of execution.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4778–4784;  Dec. Dig. § 1237.*]

On motion of the plaintiff, McNamee, for summary judgment against the defendants Bernard, Beckford, and Palmer, as sureties on supersedeas bond executed by the other defendants as principals and the last-named defendants as sureties on appeal from judgment of said court against the original

defendants, which said judgment was thereafter affirmed by the Circuit Court of Appeals for the Ninth Circuit, and the objection of said sureties to the authority and jurisdiction of this court to enter such summary judgment. Objection overruled, and motion for judgment sustained.

Wickersham, Heilig & Roden, of Fairbanks, for plaintiff.

McGowan & Clark, of Fairbanks, for defendants Bernard and Palmer.

LYONS, District Judge. This matter comes up on the motion of the plaintiff for a summary judgment against the defendants O. H. Bernard, Theodore Beckford, and Percy H. Palmer, who are sureties on a certain supersedeas bond executed by the other defendants as principals and Bernard, Beckford, and Palmer as sureties, for the purpose of staying the judgment heretofore entered by this court in this cause during the pendency of an appeal to the Circuit Court of Appeals for the Ninth Circuit.

The record discloses: That on the 9th day of November, 1907, judgment was entered in this court and cause in favor of the plaintiff and against the defendants Kelley, Broome, Blondeau, and Williams for the sum of $8,563.50, together with interest thereon from the 1st day of May, 1907, making a total sum of $8,906, and costs taxed at $94.05, aggregating in all the sum of $9,000. That thereafter the defendants sued out a writ of error from said judgment to the Circuit Court of Appeals for the Ninth Circuit, and thereafter, and on the 8th day of April, 1909, the said Circuit Court of Appeals affirmed the judgment of this court. That thereafter, and on the 4th day of May, 1909, the mandate of the said Circuit Court of Appeals in said cause was duly filed in this court. That execution was thereafter issued against the said defendants, and only the sum of $20 was collected under said execution, and plaintiff now asks summary judgment against the sureties on said supersedeas bond for the balance due on the judgment against the defendants.

The defendants Bernard and Palmer appeared and objected to the entry of judgment against the sureties on the ground

that the court has no power or jurisdiction to enter the same for the reason that the sureties have never had their day in court, and for the further reason, as claimed, that the judgment rendered in said action, from which the appeal was taken, is void, and that such question can be raised as a defense only in an action upon the bond.

The main question relied upon by the defendants, and the only one seriously insisted upon in the oral argument, is the claim that the court is without power or authority to enter judgment against the sureties on a supersedeas bond in a summary proceeding, unless such power and authority is specifically conferred by statute.

The defendants have cited several authorities which seem to sustain the view contended for by them. Most of the states to which the attention of the court has been called, however, have provided by statute in effect that, when the judgment appealed from has been affirmed, either the appellate court may direct judgment to be entered against the sureties or the same may be done by the trial court after the remittitur is received from the appellate court.

Our statute contains no provision for the entry of judgment against the sureties on a supersedeas bond summarily. The question is, therefore, one of great importance in this jurisdiction. It must be admitted that, when one signs a supersedeas bond, he agrees that, unless the appellant shall succeed in procuring a reversal of the judgment of the trial court, he will pay the judgment. What reason can there be, then, that judgment should not be entered against him the same as against the other defendants? He promises unconditionally to pay the judgment unless the judgment of the trial court is reversed; if it is affirmed, what possible defense can he have against a suit on the bond? He cannot contend that he has not had his day in court, because he made himself a quasi party to the suit when he signed the bond, and he had his hearing with his principal in the appellate court.

In the case of Blossom v. Milwaukee, etc., R. R. Co., 68 U. S. (1 Wall.) 655, 17 L. Ed. 673, Mr. Justice Miller, speaking for the court, said among other things:

"Sureties, signing appeal bonds, stay bonds, delivery bonds, and receiptors under writs of attachment, become quasi parties to the proceedings, and subject themselves to the jurisdiction of the court, so that summary judgments may be rendered on their bonds and recognizances."

In Third National Bank of Chattanooga v. Gordon (C. C.) 53 Fed. 471, the court said:

"The plaintiff bank now comes and by motion asks that he have judgment and execution against the sureties on the supersedeas bond for the amount of its judgment, interest, and costs, including the costs in the Supreme Court. The defendant in the judgment has had his appeal and hearing in the appellate court, and he has had a supersedeas of the judgment in the court below, which he obtained by giving the bond according to rule 29 of the Supreme Court of the United States [32 Sup. Ct. xii], which provides: 'Supersedeas bonds in the circuit courts must be taken with good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and answer all damages and costs if he fail to make his plea good.'

"In this case the appellant has failed to make his plea good; the condition of the supersedeas bond has been broken; and, in the words of rule 29 [32 Sup. Ct. xii], 'the sureties on the supersedeas bond are to answer all damages and costs, which means they are to answer the plaintiff's judgments and costs. Does that mean simply that the sureties are to be liable in a suit against them? Is their liability on a bond of this character to be the subject of another suit? Or is there not a more summary remedy on the bond contemplated?

"It has been held that it is not necessary, in order to charge the sureties upon an appeal bond, that an execution on the judgment recovered in the appellate court should be issued against the principal (Babbitt v. Finn, 101 U. S. 15 [25 L. Ed. 820]), and in that case the court says: 'When they execute the bond, they assume the obligation that they will answer all damages and costs, if the principal fails to prosecute his appeal to effect, and make his plea good, from which it follows that if the judgment is affirmed by the appellate court, either directly or by a mandate sent down to the subordinate court, the sureties, propria vigora become liable to the same extent as the principal obligor.' It is true the case the court was considering was not the case here, but certainly the reasoning of the court is to the effect that an appeal and supersedeas bond is something more than the mere liability for the amount of the plaintiff's judgment and costs, to be made effective only upon a suit upon the bond. If it is not required to exhaust the remedy against the principal in the bond before proceeding against the sureties, and if the sureties are liable to the same extent as the principal obligor, then what more is required than that there should be judgment and execution against the sureties, as there is against the principal obligor? The nature and character of a supersedeas bond seem to imply a more summary remedy upon it than a suit to enforce it. The plain-

tiff's judgment is superseded, and he is for the time deprived of his remedy by execution to obtain the fruits of his judgment. The supersedeas bond is given and approved by the judge of the court in which the cause was heard and the judgment obtained; and the giving and acceptance of such bond are, to an extent, like a confession of judgment, if the appellant fails to maintain his contention in the appellate court. * * * The practice in admiralty seems to be settled as to stipulation and appeal bond, and, as has been suggested, it is difficult to see why the rule should not be the same in all cases.

"Under the practice act of 1872, the courts of the United States, sitting in the various states, are to conform to the practice, proceedings, and modes of procedure of the state in which the court is held, but only as near as may be; and state statutes do not give or take away the jurisdiction of the federal courts. Still it may be noted that Alabama, like other states of the Union, has by statute given summary remedies upon appeal and supersedeas bonds, and in doing so has only done that which ought to be done, in providing speedy remedies to parties who come into courts in pursuit of their legal rights, and who succeed in making their cause good. Any other practice would seem like a step backwards; and, while the authorities cited may not and do not go to the precise question involved here, they are persuasive, and show the spirit and tendency, not only of legislative, but also of judicial, decision on this subject."

An appeal was prosecuted from the decision in the case last cited from to the Circuit Court of Appeals for the Fifth Circuit (56 Fed. 790, 6 C. C. A. 125), under the style of Gordon v. Third National Bank. Judge McCormick, speaking for the latter court, says among other things:

"In Alabama the statute, which has now been in force more than 40 years, after providing, in cases for the recovery of money only, that, to secure a supersedeas on appeal, the appellant or some other person shall give bond in double the amount of the judgment, conditioned to prosecute the appeal to effect, and, if he fails therein, to satisfy such judgment as the Supreme Court may render in the premises, further provides: 'If the Supreme Court affirms the judgment of the court below, it must render judgment against all or any of the obligators in the bond for the amount of the judgment affirmed, 10 per cent. damages thereon, and the costs of the Supreme Court.' No further action need be taken (possibly no further action can be taken) in that case in the state circuit court.

"There can be no question that, if this litigation had been in the state courts of Alabama, the defendant in error here would have been entitled to its judgment against all the obligors in the supersedeas bond on the affirmance of the judgment below, and would have had such judgment in the Supreme Court. The statute of Alabama cannot by its own force control the practice of the Supreme Court or other courts of the United States, and it is not the practice of the Supreme Court of the United States, on affirmance of the judg-

ment of the subordinate court, to make the judgment of that court the judgment of the Supreme Court, to be directly executed as such. In lieu thereof, its mandate issues to the court a quo commanding 'that such execution and proceedings be had in said cause as, according to right and justice and the laws of the United States, ought to be had, the said writ of error notwithstanding.' In substantially similar conditions on such a mandate, judgment is entered against stipulators—principal and sureties—in admiralty. Surely, according to right and justice, ought to be had, not merely for convenience, as has been suggested, but to award bare justice to the party whose right to execution has been suspended by the sureties on the bond. Does any law of the United States forbid? If its express letter is wanting, do not all the analogies of the law of the United States and the logic of the situation require that the defendant in error should have its judgment on the mandate and on the supersedeas bond against all the obligors in the bond?

"The jealousy and doubt, and the tendency to limit by the letter the jurisdiction of the subordinate courts of the United States, and the hesitation or neglect of some of those courts to give a sound construction to conformity statutes theretofore passed is plainly rebuked with marked emphasis in the conformity statutes passed in 1872, and now embodied in section 914 of the Revised Statutes [U. S. Comp. St. 1901, p. 684], so often quoted here and in the trial courts."

It is true, as stated by the Circuit Court of Appeals, the statute of Alabama provides that, upon an affirmance by the Supreme Court of that state, that court under the statute directs judgment to be entered against the sureties on the supersedeas bond. But there is no statutory authority, so far as the two cases last cited disclose, for the state trial court to enter such judgment. Therefore it cannot be said that those cases are based upon any power derived by the United States Circuit Court from the state statute authorizing judgment against the sureties, because the Alabama statute does not give the trial court any such authority. Hence it must be conceded that, while the court in the last two cases cited followed the precedent established by the Legislature of that jurisdiction, yet they did not rely for their authority for entering judgment against the sureties, upon the state statute, but rather upon the federal practice, and the abstract justice of such proceeding.

The question came before our own appellate court in the case of Empire State Idaho Mining & Developing Co. v. Hanley, 136 Fed. 99, 69 C. C. A. 87. In that case it is true the

state of Idaho has a statute which authorizes the entry of judgment in a summary proceeding against sureties on a supersedeas bond, when the judgment appealed from has been affirmed by the appellate court. But Judge Gilbert in that case, speaking for the court, uses the following language:

"Independently of such statutory provision, it has been held that federal courts, upon a mandate determining that the conditions of the bond have been broken, will enter a summary judgment against the sureties on a supersedeas bond. In Third National Bank v. Gordon [C. C.] 53 Fed. 471, it was held that, where a judgment of the Circuit Court has been affirmed by the Supreme Court, and the condition of the supersedeas bond given under rule 29 of the Supreme Court [32 Sup. Ct. xii] has been thereby broken, judgment may be had thereon by motion against the sureties as well as the principal."

Our statute (section 508, Code of Civil Proc.) provides, among other things:

That "all provisions of law now in force regulating the procedure and practice in cases brought by appeal or writ of error to the Supreme Court of the United States or to the United States Circuit Court of Appeals for the Ninth Circuit, except in so far as the same may be inconsistent with any provisions of this act, shall regulate the procedure and practice in cases brought to the courts, respectively, from the District Court for the District of Alaska. The provisions of this chapter shall apply to all cases pending in the District Court of Alaska at the time this act takes effect."

And section 4 of the act of Congress entitled "An act to amend section 86 of an act to provide a government for the territory of Hawaii, to provide for additional judges, and for other judicial purposes," approved March 3, 1909 (35 Stat. 838, c. 269), provides, among other things, as follows:

"That there is hereby established a District Court for the District of Alaska, with the jurisdiction of Circuit and District Courts of the United States and with general jurisdiction in civil, criminal, equity, and admiralty causes."

The section of our statute first above quoted indicates that the laws relating to appeals and writs of error from this court to our appellate courts are the same as those which govern appeals and writs of error from the federal trial courts to the federal courts of appeal. The provision last quoted provides in terms that this court has the jurisdiction of Circuit and District Courts of the United States.

It does not appear, therefore, that there is any good reason why the practice upheld and followed by the federal courts in entering summary judgment against sureties on supersedeas bonds after the affirmance of judgment, for the stay of which such bonds have been given, should not be followed in this jurisdiction.

It is true that our Code of Civil Procedure defines and outlines the procedure of this court in all civil proceedings; but since it is silent upon the question now under consideration, and since the federal practice with respect to appeals and writs of error is our practice, and since that practice seems to be reasonable, just, and appropriate and prevents endless litigation and needless delay, no good reason has been advanced, and I doubt if any exists, why it should not be adopted and followed in this court.

For the reasons heretofore assigned, the objection interposed by the defendants Bernard and Palmer should be overruled.

Another question arises in this connection, and that is the right of the court to enter judgment against the defendant Theodore Beckford, who has not been served with plaintiff's motion for summary judgment against the sureties, and who has made no appearance thereto. According to the view taken by the court, however, there is no reason why service should be had on any of the sureties. As heretofore stated, they have made themselves quasi parties to the action by executing the bond. The limit of their liability is the amount of the judgment appealed from and costs and damages. After the affirmance of the judgment by the appellate court, the breach of the covenants of the bond has been judicially determined, and the defendants are entitled to no further notice before the filing of the mandate and the issuance of execution. Why, then, should the sureties be entitled to such notice? They have had their day in court upon the appeal, and judgment has gone against the defendants and the sureties as quasi defendants. The sureties can have no defense to the entry of judgment, because, as was said by the court in Third National Bank v. Gordon, supra, they have virtually confessed the extent of their liability by signing the bond to supersede

the judgment entered in the cause.  For that reason a summary judgment may be entered against them, without service upon them of notice or motion for such judgment.

Let the objections interposed by defendants Bernard and Palmer be overruled, and judgment be entered as prayed for in the motion filed by the plaintiff herein.