ANDERSON v. MESSENGER.

(District Court, N. D. Ohio, W. D. Feb. 26, 1913.)

No. 1,897.

1. APPEAL AND ERROR (§ 1232*)—APPEAL BONDS—LIABILITY—TERMINATION.

U. S. Comp. St. 1901, p. 712, § 1000, provides that every justice or judge signing a citation on any writ of error shall take good and sufficient security that the plaintiff in error or appellant shall prosecute his writ or appeal to effect, and if he fail to make good his plea he will answer all damages and costs. Plaintiff, having been cast in an action against defendant, sued out a writ of error and gave a bond conditioned that he would prosecute the writ to effect and answer all damages and costs if he failed to make the appeal good. The judgment was reversed and the cause remanded for new trial. On the second trial plaintiff was ·again cast, and again sued out a writ of error and gave bond with a similar condition, and again succeeded in reversing the judgment, and the case was returned for a third trial, with instructions following which the trial court rendered a decree in favor of plaintiff, which on writ of error by defendant was affirmed by the Circuit Court of Appeals but was reversed by the Supreme Court on certiorari after which judgment was finally rendered for defendant. *Held*, that defendant's failure to obtain a review of the judgment of the Circuit Court of Appeals on the first two writs of error as he might have done, but his participation in a new trial on each of the cases, devitalized the bonds and precluded a subsequent recovery thereon for costs on the writs of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4753–4757; Dec. Dig. § 1232.*]

2. APPEAL AND ERROR (§ 1234*) — COSTS ON APPEAL — BONDS — ITEMS RECOVERABLE—CLASSIFICATION.

Where plaintiff gave two bonds for costs on separate writs of error to the Circuit Court of Appeals, the surety in each binding himself only to answer for damages and costs arising if the plea was not made good, the bonds constituted a several liability only, so that no recovery could . be had thereon except for the particular costs incurred on each writ.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4761–4777; Dec. Dig. § 1234.*]

Action by Peter Anderson against Rosewell E. Messenger on certain appeal bonds. Judgment for plaintiff.

See, also, 171 Fed. 785, 96 C. C. A. 445.

R. P. Cary, of Memphis, Tenn., for plaintiff.

King, Tracy, Chapman & Welles, of Toledo, Ohio, for defendant.

KILLITS, District Judge. This case is before the court on three motions for judgment against the surety on appeal and cost bonds. By consent, the motion as to the cost bond is allowed. The controversy arises upon appeal bonds in the sums of $250 and $500, respectively.

In order to understand the exact point raised, this short history of the case is necessary to be stated: Anderson, a resident of Tennessee, began an action in ejectment against Messenger to recover property in this district. 146 Fed. 929, 77 C. C. A. 179, 7 L. R. A. (N. S.) 1094; 158 Fed. 250, 85 C. C. A. 468; 225 U. S. 436, 32 Sup. Ct. 739, 56 L. Ed. 1152. The action in the Circuit Court of this division was determined in favor of the defendant Messenger, whereupon Anderson filed his bond, with the American Bonding Company as surety, on August 26, 1905, in the sum of $250, reciting the judgment against him and the fact that a writ of error had been allowed, with this condition in the bond:

"That if the said Peter Anderson shall prosecute said writ of error to effect and answer all damages and costs if he fail to make the said appeal good, then the above obligation to be void."

The Circuit Court of Appeals, considering the writ of error, reversed the Circuit Court and remanded the case for a new trial. Upon a second trial, with additional facts, the defendant Messenger again succeeded, whereupon a second writ of error was allowed, and Anderson filed, with the American Bonding Company as surety, a second bond in the sum of $500, dated March 21, 1907, with the condition in precisely the same language as that quoted of the first bond. The Circuit Court of Appeals, on this second writ of error, again reversed the Circuit Court and returned the case for a new trial with instructions, following which the Circuit Court rendered a decree in favor of Anderson. Error was prosecuted by Messenger, and in the Circuit Court of Appeals this last judgment of the Circuit Court was affirmed. The Supreme Court, on a writ of certiorari allowed to the Circuit Court of Appeals, however, reversed both lower courts and remanded the case to the Circuit (now District) Court for this district with such construc-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion of the issues involved as required a final judgment in favor of Messenger, which has been entered.

Messenger now insists that the conditions of the two appeal bonds have been broken and that he is entitled to recover against the surety on them for the costs, which greatly exceed their aggregate amount.

[1] The question turns on the proper construction to be given to section 1000, United States Compiled Statutes, which reads:

"Every justice or judge signing a citation on any writ of error, shall, except in cases brought up by the United States or by direction of any department of the government, take good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and, if he fail to make his plea good, shall answer all damages and costs, where the writ is a supersedeas and stays execution, or all costs only where it is not a supersedeas as aforesaid."

There is no question of supersedeas in this case. The bonds affect only the costs.

In our judgment, the motions are not well taken. The authorities cited, with the exception of two, refer to cases in which the appeal or petition in error was one of a succession of steps leading to a final judgment. For instance, if, in this case, after the first reversal in the Circuit Court of Appeals, Messenger had succeeded in getting a hearing on certiorari before the Supreme Court and had obtained a reversal of the judgment of the Circuit Court of Appeals, there would be no question but that the first bond would have been available to him to the extent of its face to meet the costs, for the reason that the case in the Supreme Court would then have been but a transfer of the writ of error made in the Circuit Court of Appeals for which the bond stood, and the reversal by the Supreme Court would have amounted to the failure of Anderson to have prosecuted his writ of error to effect.

The two cases in which a bond not in the direct line of the course of procedure in a case has been allowed to be effective are the cases of Humerton v. Hay, 65 N. Y. 380, and Lowry v. Tew, 25 Hun (N. Y.) 257. In each of these cases the course of the case was quite like the situation before us, but the decision of the court with reference to the effectiveness of the bonds seems in each case to have depended upon the wording of the statute. In the Lowry Case, for instance, the plaintiff recovered a judgment in a justice court, the defendant appealed to the county court for a new trial and procured the bond to stay execution; the condition being "that if judgment be rendered against the appellant on said appeal and execution be returned unsatisfied in whole or in part" he would pay the amount unsatisfied. On the hearing of the appeal in the county court a new trial was ordered to be had before the same justice who rendered the first judgment. On this new trial the plaintiff again recovered, and, on the defendant's appeal to the county court, that judgment was affirmed. The court say:

"The ground taken by the respondent, and on which it is understood the case was disposed of at the circuit, is that as the judgment appealed from was not affirmed, but a new trial was granted, the obligation of the undertaking was at an end, and did not extend to the judgment recovered upon

the new trial. That construction we think does not accord with the spirit or letter of the undertaking. The object of the appellant in bringing the appeal was to obtain a new trial before the same justice. The granting of a new trial did not discharge the surety, for until the new trial was had the result of the appeal was undetermined. The judgment recovered upon the new trial, and subsequently affirmed by the county court, was the judgment rendered on said appeal. In other words, the condition of the undertaking refers to the final determination of the appeal."

This case was decided under the New York statute, whose language, referring to the condition of the bond, is in the terms of the bond which we have quoted.

In the case of Humerton v. Hay, 65 N. Y. on page 384, supra, per Judge Dwight, the distinction which we are making here, it seems to us, is clearly made. He says (speaking of a condition identical with that in the case of Lowry v. Tew):

"It will be observed that the language of this section is very broad. It refers both to the judgment and the execution to be issued thereon. It manifestly looks to the final judgment in the cause. In this respect, it is much more comprehensive in its terms than the 335th section, which simply provides that if the judgment appealed from be affirmed, etc., the appellant will pay the amount of the judgment. It might plausibly be urged in that case that the undertaking would not cover a series of new trials. In the case at bar, the defendant covenanted for the final result of the action and the payment of the debt, if an execution was returned unsatisfied. It is not required that any particular judgment be affirmed. The condition simply is that 'if judgment be rendered,' etc. This plainly means any final judgment which may be rendered in the cause, upon which an execution may issue."

If we keep in mind that sureties are held only to a reasonably close construction of their obligations and apply that proposition to the terms of the bonds before us and the statute, it seems to us that we will find a distinction between the case before us and the cases cited from the New York practice. The plaintiff in error in this case (Anderson), taking the first judgment of the Circuit Court up, undertook only, in the language of section 1000, United States Compiled Statutes, to "make his plea good." In the bond he undertakes to prosecute "said writ of error to effect, and answer all damages and costs if he fail to make the said plea good." There is not here, as in the New York cases, any suggestion that, if final judgment is rendered against him, the bond shall stand for the satisfaction thereof, but simply that the bond respond to all demands upon him which resulted from his failure to show that the judgment rendered against him was erroneous. He did show, in the Circuit Court of Appeals, that the first and second judgments against him were erroneous, and with that showing the conditions of the respective bonds were satisfied.

[2] On another issue the motions should be overruled, one arising from the fact that no attempt is made to classify the costs to indicate those which accrued upon the several processes in error; but movant is content with the simple allegation that the aggregate amount of costs greatly exceeds the penalty of the bonds. The surety in each bond is bound to answer only for "damages and costs" which arise if the "plea" is not made "good." The "damages and costs" are only those incidental to the prosecution of the particular writs of error to

which the bonds respectively apply. In Hinckley v. Kreitz, 58 N. Y. 583, this precise point was decided upon a statute substantially identical, in the particular now under consideration, with section 1000, Compiled Statutes. The syllabus to that opinion states succinctly the decision in this language:

"The sureties in an undertaking given on an appeal to the General Term, conditioned that the appellant will pay 'all costs and damages which may be awarded against him on said appeal,' are not liable for the costs of an appeal by their principal to the Court of Appeals from a judgment of affirmance of the General Term."

For want of a showing of what the costs were made on either of Anderson's writs of error, the motions could not be granted because there is no record to which they might be applied, even if either of these bonds now worked to Messenger's advantage. But this case of Hinckley v. Kreitz is authority for our opinion on the main point. That court is applying to the facts a construction of what was then known as section 335 of the New York Code, whereunder the bond before it was given and wherein the condition was provided to be the payment of "all costs and damages which may be awarded  *  *  * on said appeal." As we suggested, this condition is equivalent to that in the bonds before us, and in the federal statute, where it is provided that the bond shall operate if the principal shall "fail to make his plea good," whereupon he shall, under the bond, "answer all damages and costs." Speaking of the matter before it, the New York Court of Appeals (Chief Justice Church, 58 N. Y. page 587) says:

"The liability of the defendants (in the action on the bond) was fixed. They had agreed to pay that judgment, and the costs *upon that appeal.* They did not agree to pay the costs upon an appeal by the defendant (in the main case) to any other court."

Babbitt v. Finn, 101 U. S. 7, on page 13 (25 L. Ed. 820), closely approaches, also, the main question. While there the issue was whether sureties on a bond with condition broken through affirmance in the intermediate court were discharged because their principal gave a new bond on appeal to the final court where again the judgment was affirmed, the decision being that no discharge took place, the court, speaking of the status of the obligation, says:

"Nothing will discharge the sureties given to prosecute the appeal from the court of original jurisdiction, but the reversal of the judgment in some court having jurisdiction to correct the alleged error."

Reversal of what judgment? Manifestly that particular rendition of the court of first instance to which the bond was directed. Had Messenger obtained an allowance of certiorari to either of the judgments of reversal by the Circuit Court of Appeals and secured from the Supreme Court a restitution of either of the judgments in his favor in the Circuit Court, then the appropriate bond would operate to charge the sureties on a motion such as those before us, on the authority of Babbitt v. Finn, and Robinson v. Plimpton, 25 N. Y. 484, cited to us and approved by the court in Babbitt v. Finn. He had the right in each instance to apply for a writ of certiorari. The presumption is

that he did not do so in either instance because of the judgment of his counsel that the record was not as favorable as it might become in another trial. The reports of this case in 146 and 158 Fed. show that a different record was made up in the first two trials; the feature of a tax title first appearing in the second. By choosing to go back twice to the Circuit Court for a new trial he successively accepted the first and second judgments of reversal by the Circuit Court of Appeals as final upon their respective records, and, successively, made final a situation which filled the condition of Anderson's two bonds and exonerated the sureties upon them respectively. Having chosen not to stand upon the records made in either of the first two trials, but to enter upon the making of a third record, he must bear the inconveniences of that choice.

While it is true, as urged by movant's counsel, that a writ of certiorari carries up the whole record, that principle does not assist him here. The record which went to the Supreme Court in this case was only that of the third trial, and bore nothing of the first or second except such matters therein as were still vital to the issues, law or fact, before the court in the third, such as the doctrine of the law of the case applied by the Circuit Court of Appeals in the second hearing. 158 Fed. 250, 85 C. C. A. 468; 225 U. S. 436, 32 Sup. Ct. 739, 56 L. Ed. 1152. The bonds in question were devitalized by the conduct of Messenger in stopping with the Circuit Court of Appeals and going back for new trial; nothing respecting either of them was a valid part of the record contributing to the issues on the writ before the Supreme Court.