CHARLES E. GROSJEAN, DOING BUSINESS UN-
DER THE FIRM NAME AND STYLE OF C. E.
GROSJEAN RICE MILLING COMPANY, *v.* KIN-
KO HIYAMA AND K. HAMAISHI, COPARTNERS
IN BUSINESS, DOING BUSINESS UNDER THE
FIRM NAME AND STYLE OF HIYAMA SHOTEN.

No. 1555.

MOTION FOR CANCELATION OF BOND AND DISCHARGE
OF SURETY.

ARGUED MARCH 16, 1925.                    DECIDED APRIL 15, 1925.

PERRY AND LINDSAY, JJ., AND CIRCUIT JUDGE ANDRADE
IN PLACE OF PETERS, C. J., DISQUALIFIED.

*Per Curiam*: In the circuit court of the first circuit of
this Territory judgment in this action was in favor of the
plaintiff for the recovery of a sum of money from the
defendants. Upon a writ of error the judgment was
affirmed in this court. A writ of error has been sued out
to secure in the United States circuit court of appeals of the
ninth circuit a review of the judgment of this court. In com-
ing to this court the appellants filed a bond, as required by
statute, conditioned to "duly prosecute their writ of error
with effect and moreover pay the amount of said judgment
in said original cause in case of their failure to sustain
said writ of error." As a part of the necessary procedure
in appealing to the circuit court of appeals of the ninth
circuit the appellants filed a second bond conditioned to
"prosecute their writ of error to effect and answer all
damages and costs if they fail to sustain their writ of
error." The appeal to the circuit court of appeals is pend-
ing and undetermined. The appellants now move that the
earlier of the two bonds be canceled, on the grounds

(1) that the second bond has been given, (2) that the interest of the appellee is amply protected by the terms of the second bond and (3) that "it is desired that said bond" (meaning the earlier bond) "be released in order that the defendants-plaintiffs in error may avail themselves of the securities which they have been required to deposit with the surety company, in order to obtain said surety company's signature to said bond."

The earlier bond, like the later one, is a contract entered into by the appellants for the security of the appellee. It was entered into voluntarily. Fraud is not alleged. The undertaking therein contained to pay the judgment has not been performed. The plaintiff is entitled as a matter of contract to the performance of that undertaking, —if the judgment shall not be reversed by the circuit court of appeals. The liability of the sureties under the first bond continues even though a second bond has been given. "Nothing will discharge the sureties given to prosecute the appeal from the court of original jurisdiction, but the reversal of the judgment in some court having jurisdiction to correct the alleged error." *Babbitt* v. *Finn,* 101 U. S. 7, 13. See also *U. S. Fidelity Co.* v. *Sandoval,* 223 U. S. 227. This court is without authority to deprive the appellee of the security lawfully and voluntarily given to it by the appellants.

The motion to cancel the bond is denied.